**CAPE ELIZABETH SCHOOL BOARD**

v.

**CAPE ELIZABETH TEACHERS ASSOCIATION.**

Supreme Judicial Court of Maine.

Argued Sept. 22, 1981.

Decided Oct. 23, 1981.

Jensen, Baird, Gardner & Henry, Nicholas S. Nadzo (orally), Merton G. Henry, Michael A. Nelson, Portland, for plaintiff.

Sunenblick, Fontaine & Reben, Howard T. Reben (orally), Stephen P. Sunenblick, Portland, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

This appeal is brought by the Cape Elizabeth School Board from a declaratory judgment determining a grievance arbitrable and requiring the Board to submit to binding arbitration its decision to dismiss Martin Burke, a teacher in the Cape Elizabeth School system. We find that this case is controlled by the Uniform Arbitration Act (hereinafter the Act), 14 M.R.S.A. §§ 5927–5949 (1980), rather than the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980). We therefore deny the appeal and remand with instructions to dismiss the action.

In February 1978 Martin Burke was dismissed by the Cape Elizabeth School Board under 20 M.R.S.A. § 473(4) (1965).[1] The

1. 20 M.R.S.A. § 473 (1965) provides in pertinent part:

"Superintending school committees and directors shall perform the following duties:

"*4. Teachers Dismissed.* After investigation, due notice of hearing and hearing thereon, they shall dismiss any teacher, although having the requisite certificate, who proves

Cape Elizabeth Teachers Association, which had negotiated a collective bargaining agreement with the Board on behalf of its members, filed a grievance alleging that Burke's dismissal was without just cause. The Board rejected the grievance, and the Association submitted the dispute over the dismissal to arbitration.

In March 1978, plaintiff filed this complaint for declaratory judgment seeking a declaration that (1) defendant could not proceed to arbitration for the dismissal of a teacher under 20 M.R.S.A. § 473(4), (2) the section of the collective bargaining agreement providing for binding arbitration of grievances involving the discharge of a teacher on continuing contract is unlawful and unenforceable. The complaint also sought orders restraining defendant · from enforcing the disputed provision and staying any arbitration proceedings until a final judgment was entered. A motion to stay arbitration was filed at the same time and granted in May, 1978. A motion for summary judgment on the complaint was filed and granted, but on motion for reconsideration under Rule 59(e) M.R.Civ.P. the court denied the summary judgment. In March 1980 the court issued a declaratory judgment ordering a dissolution of the stay of arbitration on the grounds that the disputed provision in the collective bargaining agreement was enforceable and could not be construed to exclude from arbitration the dismissal of a teacher under Section 473(4). The Board appeals from the declaratory judgment.

Plaintiff School Board contends that its appeal is properly before this Court because a declaratory judgment, under 14 M.R.S.A. § 5959, is a final judgment which is appealable to the Law Court. We find, however, that while a declaratory judgment is appealable, that action is an inappropriate vehicle for determining the arbitrability of a dispute and for securing a stay of arbitration in this case.

unfit to teach or whose services they deem unprofitable to the school; and give to said teacher a certificate of dismissal and of the reasons therefore, a copy of which they shall

Section 5927 of the Uniform Arbitration Act, as adopted in Maine in 14 M.R.S.A. §§ 5927–5949 (1980), provides that the Act applies "to arbitration agreements between employers and employees or between their respective representatives, unless otherwise provided in the agreement." The scope of the Act in Maine was discussed in *Maine School Administrative District # 5 v. Maine School Administrative District # 5 Teachers Ass'n.*, Me., 324 A.2d 308 (1974), in which it was determined that in the area of grievance arbitration, as distinguished from interest arbitration, the Act controlled appellate review.

"It appears unmistakable that the 1969 Legislature intended the Uniform Arbitration Act to replace the older law and to offer its *exclusive* procedures for obtaining grievance arbitration under all valid labor agreements and for the enforcement of awards thus obtained. (emphasis added)

" . . . .

"The issue is not entirely clear, but our analysis of the language used by the Legislature convinces us that it was intended that the parties to municipal public employees *grievance* disputes were left to the arbitration machinery provided by the Uniform Arbitration Act and to that Act's appellate review procedure as well." *Id.* at 311, 312. (emphasis in original)

Given this affirmation of the coverage of the Act and the absence of language to the contrary in the collective bargaining agreement, we must conclude that in the instant case of grievance arbitration, the plaintiff has mistakenly sought relief under the Declaratory Judgments Act for a matter which is properly within the ambit of the Uniform Arbitration Act.

■ The same conclusion is reached by a consideration of the proper use of the action for declaratory judgment. Resolution of the present dispute would arguably accomplish one of the purposes of the Declaratory

retain. Such dismissal shall not deprive the teacher of compensation for previous services."

Judgments Act by permitting an actual controversy to be settled before it had ripened into a breach of contractual duty. *See* 2 Field, McKusick & Wroth, Maine Civil Practice, § 57.1 at 45 (2d ed. 1970), quoting 3 W. Barron & A. Holtzhoff, Federal Practice and Procedure § 1262 (1950). However, the acceptance of jurisdiction over the action for declaratory judgment rests in the sound discretion of the justice, and should be exercised only when "the court is convinced that by adjudication a useful purpose will be served." *Jones v. Maine State Highway Comm'n.*, Me., 238 A.2d 226, 228 (1968) (quoting E. Borchard, Declaratory Judgments 29 (1941)). Permitting questions of arbitrability to be raised in actions for declaratory judgment serves to impede rather than facilitate the process of arbitration. The Act provides two separate avenues for determining the arbitrability of a particular dispute: on a motion to compel or stay arbitration under 14 M.R.S.A. § 5928(1), (2), or on a motion to vacate the arbitrator's award under § 5938(1)(E). *See Westbrook School Comm. v. Westbrook Teachers Ass'n.*, Me., 404 A.2d 204, 207 (1979). The statutory structure, which under Section 5945 of the Act provides appeals from denials of motions to vacate, but not from denials of stays of arbitration, is designed to accomplish the prompt resolution of disputes without undue judicial interference. *See Cutler Associates, Inc. v. Merrill Trust Co.*, Me., 395 A.2d 453, 457 (1978). Permitting motions for stays of arbitration to be determined in appealable actions for declaratory judgment undercuts this goal by presenting new opportunities for court interference and delay in the dispute resolution process. The motion for a stay of arbitration in the initial stages of the process could become an instrument of delay if the parties were allowed to seek a stay by means of a declaratory judgment as opposed to the summary and interlocutory proceeding under the Act. The Declaratory Judgments Act seeks to prevent a multiplicity of suits. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 57.1 at 45 (2d ed. 1970). To allow the use of an action for declaratory judgment to determine arbitrability would produce multiple suits with the parties seeking a favorable disposition of the issue both in a declaratory judgment action and under the provisions of the Act.[2]

By permitting the arbitrability of an individual grievance to be determined in an appealable action for declaratory judgment, this Court would in effect expand its appellate jurisdiction, providing appeals at a point in the arbitration process unintended by the legislature. The Uniform Arbitration Act sets forth the grounds for appeal in 14 M.R.S.A. § 5945.[3] Noticeably absent is any provision for an appeal from a denial of a stay of arbitration.

■ According to the Commissioner's Prefatory Note to the Act "the section on appeals is intended to remove doubts as to what orders are appealable and to limit appeals prior to judgment to those instances where the element of finality is present." 7 Uniform Laws Annotated 2 (Master Ed. 1978). The rationale for this limitation is the same as that underlying the nonappeal-

2. This situation is precisely what has occurred in the instant case. The School Board sought a stay of arbitration and a declaratory judgment staying arbitration. When the Superior Court dissolved a temporary stay that had been granted, the Board appealed that declaratory judgment.

Having been forced to proceed to arbitration, the Board currently has a motion pending in Superior Court to vacate the arbitrator's award on the ground that the dispute is not arbitrable.

3. 14 M.R.S.A. § 5945 provides:

"*§ 5945. Appeals*

"*1. Grounds for appeal.* An appeal may be taken from:

"*A.* An order denying an application to compel arbitration made under section 5928;

"*B.* An order granting an application to stay arbitration made under section 5928, subsection 2;

"*C.* An order confirming or denying confirmation of an award;

"*D.* An order modifying or correcting an award;

"*E.* An order vacating an award without directing a rehearing; or

"*F.* A judgment or decree entered pursuant to the provisions of this chapter.

"*2. Procedure.* The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."

ability of a grant of a new trial. If the action, whether arbitration or a new trial, is allowed to proceed to a final disposition, no appeal might be necessary. Judicial economy demands that courts not provide time-consuming and perhaps unnecessary interlocutory appeals which delay the favored dispute-resolution process of arbitration and which can as easily be resolved without great prejudice after final judgment. We agree with the Court of Appeals of Maryland on this issue:

"One of the prime purposes of the Uniform Arbitration Act is to bar appeals which would have the effect of delaying or avoiding arbitration and thereby defeating the objectives of the statute as well as discounting the agreement into which the parties had entered." *Maietta v. Greenfield*, 267 Md. 287, 297 A.2d 244, 248 (1972).

Therefore, we deny this appeal from the declaratory judgment and further decide that an action for declaratory judgment may not be used to secure a stay of arbitration. The expeditious resolution of an individual grievance is better served by adhering to the procedures prescribed by the Uniform Arbitration Act; therefore the remedies provided in a declaratory judgment action are not available.

The entry is:

Appeal denied. Remanded to Superior Court for dismissal of the action.

All concurring.