## J.M. HUBER CORPORATION

### v.

## MAIN-ERBAUER, INC.

Supreme Judicial Court of Maine.

Argued May 2, 1985.

Decided June 6, 1985.

Amerling & Burns, W. John Amerling, Joanne F. Cole (orally), Portland, for plaintiff.

Bernstein, Shur, Sawyer & Nelson, Peter J. Rubin, John M.R. Paterson (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The Plaintiff, J.M. Huber Corporation, appeals from an order of the Superior Court, Aroostook County, denying Huber's requests for a declaratory judgment that its contract dispute with the Defendant, Main-Erbauer, Inc., is not arbitrable and for an injunction staying arbitration. This case is governed by the Uniform Arbitration Act, 14 M.R.S.A. §§ 5927 *et seq.* (1980), which makes no provision for an interlocutory appeal from such a ruling. Accordingly, we dismiss the appeal and remand for dismissal of the declaratory judgment action.

I.

The parties contracted for the construction by Main-Erbauer of an industrial plant for Huber in Easton, Maine. The agreement required arbitration of "all claims, disputes, and other matters in question arising out of, or relating to this Contract or the breach thereof...." Asserting a breach of the contract, Main-Erbauer recorded statements claiming a mechanic's lien, 10 M.R.S.A. §§ 3251–3254 (1980), in June and August, 1983. In October, 1983, it filed a complaint in the Superior Court, Aroostook County, to preserve the lien pursuant to 10 M.R.S.A. § 3255. Huber answered and counterclaimed and Main-Erbauer replied to the counterclaim. Both parties requested production of documents, though none were produced, and there was some dispute over the timing of depositions, though none were held.

Main-Erbauer filed a demand for arbitration with the American Arbitration Association in December, 1983. Huber then commenced an action for a judgment declaring that the dispute is not arbitrable, and moved for a "Preliminary and Permanent Injunction, or in the alternative for Stay of Arbitration Proceedings." The Superior Court held that, (1) the parties intended to arbitrate all contract disputes and (2) Main-Erbauer did not waive its right to arbitration by filing the statutory lien action. Relying on "the strong judicial policy favoring arbitration, the lack of judicial activity in this matter, and the lack of prejudice to Huber," the Court denied the motion. Huber appeals.

## II.

■ The Uniform Arbitration Act, 14 M.R.S.A. §§ 5927–5949, applies where there is "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties." *Id.* at § 5927. The Act provides two separate avenues for determining the substantive arbitrability of a particular dispute: on application to compel or stay arbitration under Section 5928(1), (2), or on application to vacate an arbitral award under Section 5938(1)(E). *Cape Elizabeth School Board v. Cape Elizabeth Teachers Association,* 435 A.2d 1381, 1383 (Me.1981). Because those avenues are exclusive, we rejected the Cape Elizabeth School Board's attempt to have the substantive arbitrability of the dispute determined under the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951 *et seq.* (1980). Though *Cape Elizabeth* concerned a collective bargaining contract, "the Maine legislature's strong policy favoring arbitration," *Westbrook School Committee v. Westbrook Teachers Association,* 404 A.2d 204, 207 (Me.1979), is equally applicable to disputes arising out of construction contracts. *See e.g., Cutler Assoc., Inc. v. Merrill Trust Co.,* 395 A.2d 453 (Me.1978). Our concern in *Cape Elizabeth* that,

> [t]he motion for a stay of arbitration in the initial stages of the process could become an instrument of delay if the parties were allowed to seek a stay by means of a declaratory judgment as opposed to the summary and interlocutory proceeding under the Act,

435 A.2d at 1383, is no less warranted in this case where more than a year has passed since the date Huber filed its complaint.

## III.

With the declaratory judgment complaint Huber filed a "Motion for Preliminary and Permanent Injunction, or in the alternative for Stay of Arbitration Proceedings." The Arbitration Act no more contemplates that a court determine the arbitrability of a dispute under M.R.Civ.P. 65 than under 14 M.R.S.A. § 5951. However, Huber's motion also invokes 14 M.R.S.A. § 5928(2), the section of the Arbitration Act that provides for application to "stay an arbitration proceeding commenced or threatened." The Superior Court denied the stay, leaving the parties "to their remedy in arbitration."

■ That is an interlocutory order from which Huber may not appeal. While 14 M.R.S.A. § 5945(1) permits appeals from "A. An order denying an application to compel arbitration" and "B. An order granting an application to stay arbitration," "[n]oticeably absent is any provision for an appeal from a denial of a stay of arbitration." *Cape Elizabeth,* 435 A.2d at 1383. This limitation avoids "time-consuming and perhaps unnecessary interlocutory appeals which delay the favored dispute-resolution process of arbitration and which can as easily be resolved without great prejudice after final judgment." *Id.* at 1384.

Though Huber contends that Main-Erbauer waived its right to arbitrate the contract dispute by proceeding with the statutory lien action, this claim will not be lost to Huber even if it must submit to arbitration initially. *Xaphes v. Mowry,* 478 A.2d 299, 302 (Me.1984) (stay of lawsuit pending arbitration not appealable).

The entry is:

Appeal from the order denying a stay of arbitration dismissed.

Remanded to the Superior Court for dismissal of the declaratory judgment action.

All concurring.