## Sharon DODGE

v.

## TOWN OF NORRIDGEWOCK.

Supreme Judicial Court of Maine.

Submitted on Briefs June 13, 1990.

Decided July 18, 1990.

Jack Comart, Pine Tree Legal Assistance, Inc., Augusta, for plaintiff.

Donald E. Eames, Eames, Sterns, Washburn & Barnett, Skowhegn, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

The plaintiff, Sharon Dodge, appeals from the Superior Court's (Somerset County, *Browne, A.R.J.*) dismissal of her complaint seeking a declaration that the defendant Town of Norridgewock is required to give written reasons for its denial of an application for an abatement, and an injunction to compel the Town to do so. We find no abuse of discretion in the Superior Court's refusal to exercise its declaratory judgment jurisdiction in the procedural posture of this case and affirm the judgment.

Based upon her poverty, Sharon Dodge applied in 1989 for an abatement of the 1987, 1988 and 1989 real estate taxes [1] on her residence in Norridgewock. The Town denied her application for abatement but failed to state the reasons for its denial or to inform her of her right to appeal. In a complaint brought against the Town in Superior Court, Dodge sought a declaration that the Town violated 36 M.R.S.A. § 841(2)(G) (Supp.1989) [2] by failing to pro-

---

**1.** 36 M.R.S.A. § 841(2) (Supp.1989) provides for abatement of taxes by reason of poverty. Sharon Dodge is a divorced mother of three chil-

dren. The application for abatement must be made within three years from commitment. *Id.*

**2.** 36 M.R.S.A. § 841(2)(G) provides as follows:

vide her with a written decision within thirty days of her application, and an injunction to assure compliance.[3] Pursuant to 36 M.R.S.A. § 844(1) (Supp.1989), Dodge filed an appeal from the Town's denial of her abatement request with the County Commissioners which was pending at the time of the Superior Court's dismissal of this case.[4] In this case, the Town moved to dismiss pursuant to M.R.Civ.P. 12(b). In granting the motion the court was aware of and considered the fact that Dodge had an appeal pending before the County Commissioners, a matter outside the pleading. It is apparent that the court, in dismissing the complaint, was declining to exercise its declaratory judgment or injunctive jurisdiction. This appeal by Dodge followed.

▪ Dodge contends that 36 M.R.S.A. § 841(2)(G) requiring the Town to give written reasons for its decision to deny her application for a tax abatement is mandatory, and that she is entitled to a judicial declaration to that effect. *See* 14 M.R.S.A. §§ 5951–5963 (1980); *see also* M.R.Civ.P. 57. "Generally speaking, whether a declaratory judgment should be issued rests in the sound discretion of the trial court." *Eastern Fine Paper v. Garriga Trading Co.*, 457 A.2d 1111, 1113 (Me.1983); *Cape Elizabeth School Bd. v. Cape Elizabeth Teachers Ass'n*, 435 A.2d 1381, 1383 (Me. 1981).[5] The court should exercise its authority to issue such a declaration only when some useful purpose will be served. *Eastern Fine Paper*, 457 A.2d at 1113; *Cape Elizabeth School Bd.*, 435 A.2d at 1383.

Municipal officers ... shall:
....
G. Provide that any decision made under this subsection shall include the specific reason or reasons for the decision and shall inform the applicant of the right to appeal and the procedure for requesting an appeal.

3. Dodge also sought appellate review of the denial of the abatement by adding a second count to her complaint. She subsequently dismissed that count.

4. Apparently the County Commissioners took no action on her appeal and under section 844(1) the appeal was deemed denied. Dodge

▪ Dodge has taken the case out of the hands of the Town by appealing the denial of her application of abatement to the County Commissioners pursuant to 36 M.R.S.A. § 844. Hearing on that appeal is de novo with no deference being accorded to the decision of the Town.[6] Because no matter remains pending before the Town, it has no authority to act on the abatement application. Therefore, the Superior Court's exercise of its jurisdiction to declare the Town's duty to issue written reasons for its denial of Dodge's abatement would serve no useful purpose in the context of this case and would constitute an advisory opinion, prohibited except in accordance with art. 6, § 3 of the Maine Constitution. *Perry v. Hartford Accident & Indem. Co.*, 481 A.2d 133, 134 (Me.1984).

Although the language of 36 M.R.S.A. § 841(2)(G) is mandatory upon the Town and not merely permissive, the trial court's refusal to issue a declaratory judgment or injunctive relief does not constitute an abuse of discretion.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and GLASSMAN, COLLINS and BRODY, JJ., concurring.

WATHEN, Justice, dissenting.

I must respectfully dissent. This case illustrates the useful purpose served by declaring that the Town is obligated to state the reasons for denying a request for an abatement. Plaintiff (1) presented her abatement request to the Town, (2) filed an action in Superior Court, (3) presented a

then filed an appeal of that denial in the Superior Court pursuant to M.R.Civ.P. 80B.

5. In a decision whether to exercise its declaratory judgment jurisdiction we accord deference to the trial court but the degree of deference is less than that accorded in some other types of rulings. *Eastern Fine Paper v. Garriga Trading Co.*, 457 A.2d 1111, 1113 n. 2 (Me.1983).

6. 36 M.R.S.A. § 844 provides in pertinent part:
   [On appeal from the decision of the assessors] ... [i]f the [County] Commissioners think that the applicant is over-assessed, the applicant shall be granted such reasonable abatement as the Commissioners think proper....

348 ■

second request to the County Commissioners, and (4) filed a second action in Superior Court. The Town denied her request and refused to state the reasons for the denial. The County Commissioners permitted the request to be denied by their failure to act. With so much legal effort and maneuvering, it is difficult to believe that even after an appeal to this court plaintiff would be unsuccessful in obtaining the only thing that is guaranteed to her by law—a statement of the specific reasons for the denial of her petition. 36 M.R.S.A. § 841(2)(G). Plaintiff has been deprived of the means to assess the viability of her administrative appeal in violation of section 841. Such a result comports neither with notions of judicial economy nor with the liberal construction that is required to effectuate the salutary purpose of the Declaratory Judgment Act. *See King Resources Co. v. Environmental Improvement Comm'n*, 270 A.2d 863, 867 (Me.1970).