STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-418
REC - CUM - 11/7/2003

HARDYPOND CONSTRUCTION, 2003 NOV -7 A 9: 34

Plaintiff,

v.

DONALD L. G_____
LAW L_____

R&G, INC.

Defendant.          NOV 28 2003

ORDER ON PLAINTIFF'S
MOTION TO STAY
AND TO COMPEL
ARBITRATION

## FACTUAL BACKGROUND

This case involves two construction projects on which R&G, Inc. ("R&G") was subcontractor to contractor Hardypond Construction ("Hardypond"). In both subcontracts between Hardypond and R&G, the parties made the following agreement.

> With respect to any disputes between the Contractor and the Subcontractor arising under this Subcontract, the Subcontractor agrees that the Contractor, at its sole option and in its sole discretion, may elect to submit such disputes to arbitration in which such event all claims between the parties hereunder shall be subject to arbitration. Such election shall be evidenced by the filing of a demand for arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association and such arbitration shall then be conducted in accordance with such rules. This agreement to arbitrate shall be specifically enforceable under the prevailing law. The award rendered shall be final and judgment may be entered upon the award by any court having jurisdiction thereof.

(Pl.'s Mot. To Stay Case & to Compel Arb., Ex. A at 7 & Ex. B at 7.)

On April 3, 2003, Plaintiff Hardypond filed a three-count complaint against Defendant in the Portland District Court and made a motion for attachment. On May 1, 2003, Defendant filed a counterclaim against Plaintiff and a third party complaint against the Town of Falmouth ("Falmouth") and Carter's Auto Service, Inc. ("Carter's"). In addition, R&G filed a Notice of Removal, removing the case from the District Court to the Superior Court.

While the case was pending, R&G, Hardypond, Carter's, and Falmouth entered into negotiations, which ultimately resulted in the dismissal of Carter's and Falmouth from the suit and a decision by the parties to enter into a stipulation to bond off mechanics' liens. On June 21, 2003, not long after the parties executed the Stipulation and agreed to the dismissal, the District Court denied Plaintiff's Motion for Attachment. On June 26, 2003, the stipulation was incorporated as an order signed by the District Court Judge. On August 19, 2003, the case was transferred to the Superior Court where a Scheduling Order was sent to the parties.

On September 2, 2003, Plaintiff Hardypond made a demand for arbitration. (Pl.'s Mot. To Stay Case & to Compel Arb., Ex. C.) However, Defendant R&G has indicated that it is not willing to proceed to arbitration.

## DISCUSSION

When the facts upon which waiver is based are not in dispute, the determination of whether a party has waived its contractual right to arbitration is a question of law for the court. Saga Communs. Of New England, Inc. v. Voornas, 2000 ME 156, ¶ 7, 756 A.2d 954, 958; Doctor's Assoc., Inc. v. Distajo, 107 F.3d 126, 130 (2nd Cir. 1997) (Distajo II). Maine has adopted a strong policy favoring the enforcement of arbitration clauses. See J.M. Huber Corp. v. Main-Erbauer, Inc., 493 A.2d 1048, 1050 (Me. 1985). While courts that have addressed the issue of waiver have not reached an agreement on all the elements required to find a waiver, they do agree that the party seeking to compel arbitration must, at a minimum, have undertaken a course of action "inconsistent with its present insistence upon its contractual right to arbitration." Voornas, ¶ 12, 756 A.2d at 959.

Here, the parties have not undertaken a course of action inconsistent with their present demand for arbitration, as they have not litigated substantial issues going to the merits of the case. See id. (holding "[t]he relevant question is whether the parties have

litigated 'substantial issues going to the merits' of the arbitrable claims without any indication that, despite the dispute's presence in court, a party intends to exercise its contractual right to arbitration."(citations omitted)). Plaintiff rightfully asserts that its Motion for Attachment was simply an attempt to preserve status quo. See Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc., 754 F.2d 457, 463 (2nd Cir. 1985) (holding that defendants did not waive their right to compel arbitration by participating in discovery for two years and filing a motion to dismiss under Fed. R. Civ. P.12(b)(6)); compare Rush v. Oppenheimer & Co., 779 F.2d 885, 887-90 (2nd Cir. 1985) (holding that defendants did not waive their contractual right to compel arbitration even though they had moved to dismiss the complaint, engaged in some discovery and failed to raise the defense of arbitration in their answer), with Voornas, ¶ 14, 756 A.2d at 960 (holding that where plaintiff litigated substantial issue going to the merits of its breach of contract claim against the defendant in its motions for injunctive relief, and where plaintiff responded to the defendant's motion for summary judgment on the merits without indicating that the defendant was defending herself in the wrong tribunal, plaintiff waived its right to compel arbitration), and Com-Tech Assoc. v. Computer Assocs. Int'l Ltd., 938 F.2d 1574, 1576 (2nd Cir. 1991) (holding that engaging in extensive depositions and defending motions for judgment on the pleadings and partial summary judgment constituted substantial litigation).

Similarly, Plaintiff's assertion that Defendant's Stipulation to Bond Off the Mechanic's Lien does not constitute substantial litigation is also meritorious. See Buckminster v. Acadia Villiage Resort, Inc., 565 A.2d 313, 316 (holding that a general arbitration clause did not operate as a waiver of plaintiff's statutory right to a mechanic's lien).

In addition, Plaintiff's motion to compel arbitration must succeed because Defendant has not established that it has been prejudiced by Plaintiff's decision to wait

3

to demand arbitration. "Prejudice . . . refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." Voornas, ¶ 17, 756 A.2d at 961 (citation and internal quotations omitted). Here, Defendant is unable to establish any inherent unfairness.

First, Defendant has not been substantially delayed by Plaintiff's decision to wait five months from the time of filing its complaint to demand arbitration. In determining whether Defendant has been prejudiced by delay, the court must focus on the impact of the delay on Defendant. See Voornas, ¶ 17 A.2 at 961; see also American Express Fin. Advisors, Inc. v. Zito, 45 F. Supp. 2d 230, 234 (E.D.N.Y. 1999). While in Voornas the Law Court held two and a half months of litigation amounted to an unfair delay, Voornas, ¶ 18 756 A.2d at 962, this case can be distinguished from Voornas. In Voornas, the Law Court emphasized that

> [i]n those two and a half months, the parties labored under an expedited schedule, producing as many filings as usually occur over a more protracted time period. In addition to defending Saga's two motions [for injunctive relief], Voornas litigated a motion to dismiss and a motion for summary judgment, neither of which would have been necessary had Saga been timely in its demand for arbitration.

Id.

Here, litigation has proceeded at a much slower pace and it would not unfairly impact Defendant to compel arbitration. Plaintiff has filed a complaint and made a motion for attachment. Defendant has answered the complaint, filed a counterclaim, and impleaded third parties in order to secure its own claim. None of these activities gives rise to the same type of prejudice discussed in Voornas.

In addition, Defendant has not incurred any substantial expenses as a result of Plaintiff's decision to wait to demand arbitration. While the court recognizes that

Defendant has expended $300.00 in court fees, these expenditures are too insubstantial to merit consideration.

Finally, Defendant's legal position has not been damaged by Plaintiff's decision to wait to demand arbitration. Defendant's argument that it has been prejudiced by its Stipulation to Bond Off the Mechanic's Lien is unavailing. Substituting one security measure, a mechanic's lien or real estate, for another, a mechanic's lien bond, has not prejudiced defendant. See Voornas, ¶ 12, 756 A.2d at 959 (holding that there is only prejudice where the parties have engaged in the substantial litigation of arbitrable claims).

Nor has Defendant been prejudiced by its decision to dismiss Falmouth and Carter's from the action. Defendant's claims against Carter's and Falmouth were not arbitrable claims, as there was no arbitration agreement between either of the parties in this action and Carter's or Falmouth. See 14 M.R.S. § 5927 (2003) (which only applies to parties' written agreements to submit to arbitration. Hence, Defendant's decision to dismiss these parties in court cannot be deemed to prejudice its position in the arbitration proceedings. See Voornas, ¶ 12, 756 A.2d at 959.

The entry is

Plaintiff's Motion to Stay and To Compel Arbitration is GRANTED.

Dated at Portland, Maine this 6th day of November, 2003.

_____
Robert E. Crowley
Justice, Superior Court

HARDY POND CONSTRUCTION - PLAINTIFF

Attorney for: HARDY POND CONSTRUCTION
ROBERT A RUESCH
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: HARDY POND CONSTRUCTION
JOHN P GIFFUNE
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586


vs
R&G INC. - DEFENDANT

Attorney for: R&G INC.
KENNETH R CLEGG
BOURQUE & CLEGG
949 MAIN STREET
PO BOX 1068
SANFORD ME 04073


TOWN OF FALMOUTH-DISMISSED 8-28-03 - THIRD PARTY DEFENDANT

Attorney for: TOWN OF FALMOUTH-DISMISSED 8-28-03
BRIAN D WILLING
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081


CARTER'S AUTO SERVICE, INC.-DIS. 8-28-03 - THIRD PARTY DEFENDANT
HANOVER INSURANCE COMPANY - THIRD PARTY DEFENDANT

Filing Document: NOTICE OF REMOVAL          Minor Case Type: CONTRACT
Filing Date: 07/23/2003

## Docket Events:

07/23/2003 FILING DOCUMENT - NOTICE OF REMOVAL FILED ON 07/23/2003
          ALL PAPERWORK RECEIVED FROM 9TH DISTRICT COURT, DIVISION OF SOUTHERN CUMBERLAND COUNTY
          (DISTRICT COURT NO:  PORDC-CV-2003-303).

07/24/2003 Party(s):  R&G INC.
          ATTORNEY - RETAINED ENTERED ON 07/23/2003
          Defendant's Attorney: KENNETH R CLEGG

07/24/2003 Party(s):  HARDY POND CONSTRUCTION
          ATTORNEY - RETAINED ENTERED ON 07/23/2003
          Plaintiff's Attorney: ROBERT A RUESCH

07/24/2003 Party(s):  HARDY POND CONSTRUCTION

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2003-00418

**DOCKET RECORD**