STATE OF MAINE

CUMBERLAND, ss.

Scott T. Vickerson,

Plaintiff

v.

State Farm Insurance Company,

Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 03-215

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

DEC 17 2003

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

NOV 2 2003

RECEIVED

Before this court is Plaintiff, Scott T. Vickerson's Motion to Compel Arbitration.

## FACTS

On April 22, 2003, Plaintiff, Scott T. Vickerson, filed a Complaint in this matter. The Defendant responded on May 12, 2003, by filing its answer with this court. Following this, Plaintiff and Defendant began the discovery process. At present, the Defendant has been required to respond to the Plaintiff's Request for Admissions, Interrogatories, and to a Request for Product of Documents.

On July 22, 2003, the Plaintiff filed a Motion to Compel Arbitration. In response, the Defendant filed an Objection to the Plaintiff's Motion to Compel Arbitration on August 19, 2003.

## DISCUSSION

When the facts upon which waiver is based are not in dispute, the determination of whether a party has waived its contractual right to arbitration is a question of law for the court. Saga Communs. Of New England v. Voornas, 2000 ME 156, ¶ 7, 756 A.2d 954, 958. In addition, Maine has adopted a strong policy favoring the enforcement of arbitration clauses. See J.M. Huber Corp. v. Main-Erabauer, Inc., 493 A.2d 1048, 1050 (Me. 1985). While courts that have addressed the issue of waiver have not reached an

agreement over all the required elements to find a waiver, they do agree that the party seeking to compel arbitration must have undertaken a course of action "inconsistent with its present insistence upon its contractual right to arbitration." Voornas, ¶ 12, 756 A.2d at 959.

In the case at bar, the parties have not undertaken a course of action inconsistent with their present demand for arbitration, as they have not litigated substantial issues going to the merits of the case. See id. (holding that "[t]he relevant question is whether the parties have litigated 'substantial issues going to the merits' of the arbitrable claims without any indication that, despite the dispute's presence in court, a party intends to exercise its contractual right to arbitration.") (citation omitted)). Plaintiff rightfully asserts that its discovery requests would have transpired regardless of whether there was arbitration or not.

In addition, Plaintiff's Motion to Compel Arbitration must succeed because Defendant has not established that it has been prejudiced by the Plaintiff's decision to wait to demand arbitration. "Prejudice . . . refers to the inherent unfairness – in terms of delay, expense, or damage to a party's legal position – that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." Voornas, ¶ 17, 756 A.2d at 961 (citation and internal quotations omitted). Here, Defendant is unable to establish any inherent unfairness.

First, Defendant has not been substantially delayed by Plaintiff's decision to wait three months from the time of filing its complaint to demand arbitration. Although, the Law Court has held that two and half months of litigation amounted to unfair delay, Voornas, ¶ 18, 756 A.2d at 962, this case is distinguishable from *Voornas*. The Law Court in *Voornas*, emphasized that

[i]n those two and a half months, the parties labored under an expedited schedule, producing as many filings as usually occur over a more protracted time period. In addition to defending Saga's two motions [for injunctive relief], Voornas litigated a motion to dismiss and a motion for summary judgment, neither of which would have been necessary had Saga been timely in its demand for arbitration.

Id. In the present case, however, litigation has proceeded at a much slower pace and it would not unfairly impact Defendant to compel arbitration. Plaintiff has filed a Complaint and made three discovery requests. Defendant has answered the complaint and responded to those three discovery requests. Although the Plaintiff was late in responding to the Defendant's discovery requests, none of these activities gives rise to the same type of prejudice in *Voornas*.

Moreover, Defendant's legal position has not been damaged by Plaintiff's decision to wait to demand arbitration. Plaintiff's argument that these discovery steps would have been taken if it had compelled arbitration in the beginning of the case is convincing. See Voornas, ¶ 12, 756 A.2d 959 (holding that there is only prejudice where the parties have engaged in the substantial litigation of arbitrable claims.) Finally, Defendant has not made a compelling argument that it has incurred substantial expenses as a result of Plaintiff's decision to wait to demand arbitration.

WHEREFORE, this court **GRANTS** the Plaintiff's Motion to Compel Arbitration.

Dated: November 26, 2003

_____
Roland A. Cole
Justice, Superior Court

OF COURTS
erland County
O. Box 287
Maine 04112-0287

SETH LEDDY ESQ
PO BOX 3065
LEWISTON ME 04243

OF COURTS
rland County
Box 287
aine 04112-0287

JOHN WALL ESQ
PO BOX 7046
PORTLAND ME 04112