2006 ME 95

**Paul CREAMER**

v.

**Edward BISHOP et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: July 18, 2006.

Decided: Aug. 2, 2006.

Stephen C. Chute, Esq., Carey & Associates, Rumford, for the appellant.

Neil Shankman, Esq., David J. Van Baars, Esq., Shankman & Associates, Lewiston, for the appellee.

Panel: SAUFLEY, C.J., and DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

PER CURIAM.

[¶ 1] Paul Creamer appeals from a judgment entered in the Superior Court (Oxford County, *Crowley, J.*) granting Camelot Homes Center and Camelot Homes, Inc.'s [1] (Camelot) motion to compel arbitration. Creamer contends that the dispute is not subject to arbitration because the arbitration clause in the purchase and sale contract does not apply to the subject matter of his complaint.

 [¶ 2] As we have previously stated, the Uniform Arbitration Act, 14 M.R.S. §§ 5927–5949 (2005), "provides two separate avenues for determining the substantive arbitrability of a particular dispute: on application to compel or stay arbitration under Section 5928(1), (2), or on application to vacate an arbitral award under Section 5938(1)(E)." *J.M. Huber Corp. v. Main–Erbauer, Inc.*, 493 A.2d 1048, 1050 (Me.1985). In the present case, Camelot filed a motion in the Superior Court to compel arbitration, which the court granted. Title 14 M.R.S. § 5945 provides grounds for an appeal, which do not include an appeal from the grant of a motion to compel arbitration. Accordingly, the court's grant of the motion to compel arbitration is an interlocutory order that is not now appealable. *See J.M. Huber Corp.*, 493 A.2d at 1050.

The entry is:

Appeal dismissed.

---

**1.** A default has been entered against the third defendant, Edward Bishop, and, therefore, Camelot Homes Center and Camelot Homes, Inc. are the only named defendants participating in this appeal.