STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-09-40
*R\W/C - Kc /V - 6/17/2010*

TOWN OF LITCHFIELD,

Plaintiff

v.

DECISION AND ORDER

DAVID MARZILLI et al.,

Defendants

In Count I of the complaint in this action, the Town of Litchfield alleges that the Kennebec County Commissioners violated Maine's Freedom of Information Act, 1 M.R.S.A. §§ 403 and 406, and seeks a declaratory judgment.

On June 2, 2009, a public hearing on the real estate tax abatement request of defendants David and April Marzilli was held before the Kennebec County Commissioners[1] on the appeal of the Marzillis following the denial by the Town of their abatement request. The Commissioners granted an abatement to the Marzillis, reducing the accessed value of their home in Litchfield. The Town assessment was $119,500. The June 2, 2009 public hearing on the tax abatement before the County Commissioners was in full compliance with the law. The Commissions violated the Freedom of Information Act, however, by deliberating and voting on the abatement at a subsequent meeting on June 16, 2009, a meeting that was held without public notice or notice to the Town. The decision granting the abatement was dated June 24, 2009. In the decision, the County Commissioners granted an abatement to the Marzillis in the amount of $34,500. Count I of the Town's complaint seeks a declaration that the abatement is null and void.

---

[1] Only two of the County Commissioners participated in the hearing and the decision.

Count II of the Town's complaint is brought pursuant to M.R. Civ. P. 80B, and seeks a review of governmental action. In Count II, the Town alleges that the decision of the County Commissioners is arbitrary and capricious, and error of law, and unsupported by substantial evidence.

The Commissioners moved to be dismissed from the case, contending that they are not proper defendants. *See Shawmut Inn v. Town of Kennebunkport*, 428 A.2d 385, 388 (Me. 1981) (dismissing county commissioners and stating "[t]he taxpayer and the municipality are the proper adversaries in tax abatement proceedings in the courts"). The court (*Marden, J.*) denied the Commissioners' motion, noting that Count I is a declaratory judgment action, and in Count I the Town seeks a declaration that the action by the Commissioners to abate the assessment is invalid. The court does not appear to have addressed Count II in its order denying the Commissioners' request to be dismissed from the case.

The Town moved to remand the case to the County Commissioners for a new hearing. The court (*Marden, J.*) granted the motion in part, remanding to the Commissioners to allow the Commissioners to deliberate and decide the tax abatement appeal of the Marzillis at a properly noticed public meeting, and requiring the Commissioners to make adequate findings of fact and conclusions of law to allow "meaningful judicial review" of the abatement proceedings. The court, however, did not order an entirely new *hearing*.

The Commissioners held a properly noticed public session on December 15, 2009, and deliberated openly and decided the issue in open session. The Commissioners granted the rebate in the same amount. The Commissioners issued a written decision dated December 23, 2009. That decision contained findings of fact and conclusions of law.

2

The Commissioners filed a second motion in the Superior Court requesting that they be dismissed from the case, relying on the reasons previously advanced, and, in addition, the fact that the Commissioners held a properly noticed public hearing on December 15, 2009, and openly deliberated and decided the abatement appeal, and that the decision dated December 23, 2009, contained adequate findings of fact and conclusions of law. The Town opposes the second motion to dismiss, contending that the violation of the Freedom of Access law can be cured only by an entirely new de novo hearing on the abatement before the County Commissioners.

At the request of the court, the parties submitted additional affidavits. The two County Commissioners who were present at the abatement hearing, and who participated in the deliberations and the decision granting the abatement, in both June and December, 2009, submitted affidavits stating that their decision was based entirely on evidence submitted at the properly noticed June 2, 2009 public hearing on the abatement, and that no other evidence was considered by the Commissioners in reaching their final decision granting the abatement.

## DISCUSSION

The Commissioners contend that because the original June 2, 2009 public hearing on the abatement was a proper public hearing, and because they held a public session in compliance with the Freedom of Information Act on December 15, 2009, and because their December 23 written decision contains adequate findings of fact and conclusions of law, Count I of the complaint should be dismissed.

In response, the Town contends in part that the court's order of remand was intended to permit meaningful judicial review for the Rule 80B claim, and was not intended to resolve the issue of whether there was a violation of the Freedom of Information Act.

3

The Town is correct that the December 15, 2009, properly noticed and conducted pubic session, at which the abatement was deliberated and decided, does not dispose of the issue of whether the June 16, 2009, meeting of the Commissioners that was not properly noticed violated the Freedom of Information Act. Nevertheless, because the December 15 public session was held after proper notice was given to the parties, the court must now address the issue of whether the Town's request that the Commissioners actions be declared null and void is now moot or has any remaining vitality based on the scope of relief that Superior Court should grant. *See* 1 M.R.S.A. § 409.

Courts may only consider justiciable controversies. *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 12, 738 A.2d 1239, 1242. "The test for mootness is whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources." *Nugent v. Town of Camden*, 1998 ME 92, ¶ 6, 710 A.2d 245, 247 (citing *Campaign for Sensible Transp. v. Me. Turnpike Auth.*, 658 A.2d 213, 215 (Me. 1995)). A claim brought under the Uniform Declaratory Judgments Act is subject to the justicability. rule. *Lewiston Daily Sun*, 1999 ME 143, ¶ 20, 738 A.2d at 1244.

In the circumstances and posture of this case, there is no practical relief that can be ordered by the court on Count I. The Freedom of Information Act provides a narrow choice of remedies in cases where an agency conducts an official act during an unlawful executive session. *Id.* ¶ 11, 738 A.2d at 1242. Under the facts as pled in the complaint,[2] the court's power is limited to declaring the official action of the Commissioners null and void. *Id.*; 1 M.R.S.A. § 409(2). The "official act" in this case was deliberating and

---

[2] The prayer for relief in Count I does not request costs, and there is no allegation of bad faith in the complaint. If the Town had alleged that the violations of the FAA occurred in bad faith, then it would be entitled to pursue reasonable attorney fees pursuant to 1 M.R.S.A. § 406(4).

4

voting on the Marzillis' application at the June 16, 2009 meeting held without public notice. Since that event, the action taken at the improperly held meeting has been superseded by the deliberations and vote taken at a properly noticed public session held on December 15, 2009. Following those open deliberations and a public vote, the Commissioners issued a new decision on December 23, 2009. Although the Town contends that an entirely new hearing should be ordered, the Freedom of Information Act does not *require* the court to order an entirely new hearing. The Town has not alleged any deficiencies with the evidentiary hearing itself, and the deficiencies in the June 16, 2009 session at which the abatement was deliberated and decided have been corrected by the open deliberations and decision at the December 15 public session. Accordingly, there is no practical basis for requiring the Commission to re-hear the case, and the court in its discretion, declines to order an entirely new hearing. *See Waterville Indus., Inc. v. Fin. Auth. of Me.*, 2000 ME 138, 758 A.2d 986 (court should exercise its authority to issue a declaratory judgment only when some useful purpose will be served). *See also Cape Elizabeth Sch. Bd. v. Cape Elizabeth Teachers Ass'n*, 435 A.2d 1381 (Me. 1981) (issuance of a declaratory judgment rests in the sound discretion of the court, and should be exercised only when the court is convinced that a useful purpose will be served).

As to Count II, *Shawmut Inn* made clear that county commissioners are improper parties in a Rule 80B claim challenging a decision to grant a tax abatement. 428 A.2d 388. *See also Chase v. Town of Machiasport*, 1998 ME 260, n.3, 721 A.2d 636, 639. The Commissioners are entitled to be dismissed from Count II.

The entry is:

- Count I is dismissed.

- Defendant County Commissioners are dismissed from Count II.

DATED: _July 19, 2010_

_____
Robert W. Clifford
Active Retired Justice

6

Date Filed __7/17/09__ __Kennebec__ Docket No. __AP09-40__
                              County

Action __Petition for Review__
              80B

                                              J. MARDEN

Inhabitants of the Town of Litchfield  vs.  David & April Marzilli, et al

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| William Dale, Esq.<br>Ten Free Street<br>P.O. Box 4510<br>Portland Maine 04112 | Shane Wright, Esq.<br>75 Park Street<br>P.O. Box 891<br>Lewiston, Maine 04243-0891<br>- Warren Shay, Esq. (KC Comm.,Daggett,Rines<br>P.O. Box 467<br>48 Court Street<br>Skowhegan, Maine 04976-0467 |

| Date of Entry | |
|---|---|
| 7/17/09 | Complaint and Rule 80B Petition for Review of Government Action, filed. s/Dale, Esq. (attached exhibits filed 7/20/09)<br><br>Notice of Summons and Complaint, filed. s/Dale, Esq.<br>Original Summons with return service, filed.<br>Original Summons with return service, filed.<br><br>Notice of Summons and Complaint, filed. s/Dale, Esq.<br>Original Summons with return service, filed. |
| 7/29/09 | Acknowledgment of Receipt of Summons and Complaint, filed. s/David Marzilli<br>s/April Marzilli |
| 8/11/09 | Answer, filed. s/Wright, Esq. |
| 8/14/09 | Acknowledgement of Receipt served on Nancy G. Rines on 8/4/09.<br>Acknowledgement of Receipt served on Beverly Daggett on 8/4/09. |
| 8/20/09 | Motion to Dismiss and Incorporated Memorandum of Law, filed. s/Shay, Esq. |
| 9/2/09 | Opposition to Motion to Dismiss, filed. s/Dale, Esq. |
| 9/24/09 | ORDER, Marden, J.<br>Defendant Kennebec County Commissioner's motion to dismiss it as a party to this action is DENIED.<br>Copies mailed to attys. of record. |
| 10/7/09 | Answer to Plaintiff's Complaint, filed. s/Warren Shay, Esq. |
| 10/14/09 | **NOTICE AND BRIEFING SCHEDULE ISSUED**<br>Copies mailed to attys. of record. |
| 11/16/09 | Plaintiff's Motion for Stay of Rule 80B Briefing Schedule, filed. s/Dale,Es<br>Proposed Order, filed.<br><br>Plaintiff's Motion for Remand for Hew Hearing and Incorporated Memorandum of Law, filed. s/Dale, Esq.<br>Proposed Order, filed. |

| Date of Entry | Docket No. _____ |
|---|---|
| 11/30/09 | Defendant's Memorandum of Law in Opposition to Plaintff's Motion for Remand for New Hearing, filed. s/Shay, Esq. |
| 12/1/09 | ORDER, Marden, J.<br>So ORDERED on Remand This Date.<br>Copies to attys. of record.<br><br>ORDER ON PLAINTIFF'S MOTION FOR REMAND, Marden, J.<br>the Court hereby remands this matter to the Kennebec County Commissioners. The Court shall retain jurisdiction of this matter pending the outcome of such remand, and all other matters in this action shall be stayed during that time period.<br>Copies to attys. of record. |
| 12/0/09 | Letter regarding Stay, filed. s/Wright, Esq. |
| 12/28/09 | Plaintiff's Motion To Specify The Future Course Of Proceedings, Proposed Order.  s/Dale, Esq. |
| 1/11/10 | Memorandum in Opposition to Plaintiff's Motion to Specify the Future Course of Proceedings, filed. s/Shay, Esq. |
| 1/19/10 | Motion to Dismiss Plaintiff's Complaint against Kennebec County Commissioners, Beverly Daggett and Nancy G. Rines and Incorporated Memorandum of Law, filed. s/Shay, Esq. |
| 2/16/10 | Opposition to Motion to Dismiss Plaintiff's Complaint Against Kennebec County Commisssioners Beverly Daggett and Nancy G. Rines, filed. s/Dale, Esq.<br><br>Notice of setting for 4/8/10 @ 9:00 a.m.<br>sent to attorneys of record. |
| 4/8/10 | Hearing held with the Hon. Justice Robert  Clifford, presiding. William Dale, Esq. for the Petitioner and Shane Wright, Esq. for the Respondent.<br>Oral arguments made to the court.<br>Petitioner to submit affidavit withing 7 days. Respondent to reply in 3 days. |
| 4/14/10 | Affidavit of Nancy Rines, filed. s/Rines<br>Affidavit of Beverly Daggett, filed. s/Daggett |
| 4/26/10 | Plaintiff's Response to Defendants' Affidavits, filed. s/Dale, Esq. |
| 5/3/10 | Defendants' Responding Memorandum Concerning Affidavits, filed. s/Shay, Esq |
| 5/6/10 | Plaintiff's Reply to Defendants' Responding Memorandum Concerning Affidavits, filed. s/Dale, Esq. |
| 5/7/10 | Affidavit of Michael G. Byron, filed. s/Byron |
| 6/17/10 | DECISION AND ORDER, Clifford, J.<br>Count I is dismissed.  Defendant County Commissioners are dismissed from Count II.<br>Copies to attys. of record.<br>Copies to repositories |