# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2023

Lyle W. Cayce
Clerk

No. 21-50960

_____

IN THE MATTER OF JON CHRISTIAN AMBERSON

JON CHRISTIAN AMBERSON; JON CHRISTIAN AMBERSON PC;
AMBERSON NATURAL RESOURCES, LLC,

*Appellants*,

*versus*

JAMES ARGYLE MCALLEN; EL RUCIO LAND AND CATTLE
COMPANY, LLC; SAN JUANITO LAND PARTNERSHIP, LTD.;
MCALLEN TRUST PARTNERSHIP,

*Appellees.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-1193

_____

ON PETITION FOR REHEARING

Before JONES, SOUTHWICK, and OLDHAM, *Circuit Judges*.[*]

PER CURIAM:

---

[*] JUDGE OLDHAM concurs in the denial of rehearing.

Jon Christian Amberson, his law firm, and Amberson Natural Resources ("ANR"), whom we will reference collectively as Amberson, move for rehearing by this panel. Though successful in convincing a majority of the panel that we have authority to consider the argument that a claim was not arbitrable, Amberson then lost on the merits of that argument. *Matter of Amberson*, 54 F.4th 240, 263, 267 (5th Cir. 2022).

Amberson alleges we erred in three ways: (1) we should not have considered the arbitrator's fact findings in deciding the validity of the state court's compelling of arbitration; (2) the state court record does not support that all the claims were intertwined; and (3) the appellees' state court pleadings do not support our finding of alter ego. A component of all three is that when deciding whether the Amberson parties were alter egos of each other and whether the Cannon Grove claims were arbitrable, we should have considered only the record as it existed at the time the state court ordered arbitration in April 2018 or denied reconsideration in October 2018. Therefore, not only were the findings by the arbitrator irrelevant, but so is any evidence that did not appear in the record until the arbitration.

One way to understand the argument is that Amberson is insisting that even though there was no need to pursue a writ of mandamus prior to the arbitration, our review after the arbitration is limited to the record that existed at the earlier time. Of no small importance to urging error on rehearing, this argument is not one that appeared in the briefs and is therefore forfeited. Regardless, it is wrong.

Amberson cites no Texas caselaw that the evidence to support the validity of interlocutory orders reviewed on appeal after a final judgment must come only from the part of the record that existed when the orders were entered. Regardless of Texas procedure, though, in federal court an interlocutory order merges into the final judgment. 15A CHARLES ALAN

WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3905.1 (3d. ed.). We agree with the treatise that state court rulings made before removal should be treated similarly: "In most circumstances at least it is sensible to adhere to the ordinary rule that interlocutory rulings [by the state court] merge in the final judgment, permitting review by the federal court of appeals." *Id.*

We see an analogy to why, after a trial, it is irrelevant that a party could convince us that a pretrial, unappealable order denying summary judgment should instead have been granted based on the earlier, limited record. "Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary-judgment motion." *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011). In this appeal, after all the proceedings have run their course, the questions are the arbitrability of a particular claim and the validity of an award against Amberson, individually. How those questions should have been answered early in the case before the record was as developed as it is now does not matter.

Finally on this point are the interests of judicial and litigants' economy. "Though waiting until after the arbitration to seek appellate review [of the order compelling arbitration] may waste the parties' resources, 'parties may also waste resources appealing every referral when a quick arbitration might settle the matter.'" *Amberson*, 54 F.4th at 262 (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 587 (Tex. 2008)). Even more wasteful would be to disregard the final-judgment record that demonstrates arbitration was properly compelled and reject an arbitration award because the earlier record did not yet so demonstrate. If review is unavailable until after final judgment, it is senseless not to use the final-judgment record.

We affirmed the federal district court because arbitration was properly compelled. The state court's initial order did not need separate review.

We now examine related complaints. One argument is that it is for the court to decide whether parties agreed to submit a particular dispute to arbitration. We acknowledged that principle in our discussion of a holding by the Supreme Court of Texas that "under the FAA, whether a non-signatory is bound by an arbitration agreement is an issue for the court, absent the agreement's clearly giving the task to the arbitrator." *Id.* at 265 (citing *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005)). Here, the Hidalgo County District Court did decide the issue. Later, this court reviewed whether all the Amberson parties were subject to arbitration on the Cannon Grove claim. Both the state court and this court decided they were.

Amberson insists we did not give *de novo* review to whether arbitration should have been compelled and instead deferred to the arbitrator. The Texas precedent Amberson cites for the *de novo* standard is one we discussed in our opinion. *See id.* at 261–62 (discussing *Perry Homes*, 258 S.W.3d 580). The *Perry Homes* opinion held that courts are to give "ordinary review" to an order compelling arbitration and deferential review to the award itself. *Perry Homes*, 258 S.W.3d at 587. For the meaning of "ordinary review," *Perry Homes* cited a United States Supreme Court opinion. *Id.* at 587 n.15 (citing *First Options of Chicago, Inc. v. Kaplan.*, 514 U.S. 938, 947–48 (1995)). There, an arbitration occurred without any court compelling it; the Supreme Court stated no deference was to be given on appeal to the arbitrators' conclusions about arbitrability. *First Options*, 514 U.S. at 941, 947–49. The Court held that under the Federal Arbitration Act, review "should proceed like review of any other district court decision finding an agreement between parties, *e.g.*, accepting findings of fact that are not 'clearly erroneous' but deciding questions of law *de novo*." *Id.* at 947–49.

Of course, *de novo* review is only for legal conclusions, and all of ours were the result of *de novo* consideration. The real complaint is we were deferential to the arbitrator as to facts. One of the opinion's alleged

misstatements of the review standard was that "the arbitrator's fact-findings relevant to whether the Cannon Grove claim was subject to the arbitration agreement, a claim he did not resolve, are still entitled to substantial deference." *Amberson*, 54 F.4th at 264. Another is in the analysis of alter ego: "Fact findings by an arbitrator are nearly unassailable." *Id.* at 263. The third also was part of our analysis of alter ego. A threshold question was whether Amberson's arguments about alter ego had been forfeited. *Id.* at 265. We did not answer that question because, regardless of the answer, the arbitrator's decision that Amberson individually had to arbitrate the Cannon Grove matter "must stand." *Id.*

We now examine how these statements affected our analysis. On the agreement's scope, Amberson argues we relied on the arbitrator's findings on the merits of the claim, such as the finding Amberson had misappropriated funds, in holding that the Cannon Grove claim was intertwined with other arbitrable matters. Amberson's briefing, though, did not meaningfully dispute the accuracy of the arbitrator's fact-findings. The arbitrator's opinion contained the best summary of the facts. Absent any argument that the findings were erroneous, acceptance of the summary was proper. Our discussion identified the evidence, then gave *de novo* review by identifying the applicable legal standard and applying it. *Id.* at 266–67.

As to alter ego, this court's opinion explained Texas law on alter ego. We held that whether a non-signatory is bound by an arbitration agreement is to be decided by the court, absent agreement to the contrary. *Id.* at 264–65 (citing *Weekley Homes*, 180 S.W.3d at 130). We also stated that in Texas, the "trial court's findings on whether an arbitration agreement exists among specific parties are entitled to deference." *Id.* at 265 (citing *Aerotek, Inc. v. Boyd*, 624 S.W.3d 199, 204 (Tex. 2021)). Our opinion quoted several findings by the arbitrator, pointed out that the bankruptcy court had incorporated the quoted findings into its own judgment (making those findings the court's

findings), and stated the district court had affirmed. *Id.* at 264–65. We found no basis to disturb the findings or the resulting legal conclusions. *Id.* at 265. As to this court's statement that the arbitrator's decision to arbitrate the Cannon Grove matters "must stand," we meant no reason was shown in the appeal to reverse. *Id.* In sum, all three federal courts that reviewed the award referenced the evidence on alter ego and found it compelling. Undue deference was not given to the arbitrator as to fact-findings.

Amberson goes a step further as to alter ego and argues that the McAllen parties' final amended answer in Hidalgo County District Court did not sufficiently make the claim. Amberson insists that in this answer, the allegation was only that the law firm and ANR were the alter egos of Amberson the individual but did not include that the first two were alter egos of each other. The heading for the relevant part of the answer is phrased as Amberson asserts. The text, though, says this: "There exists such unity between JON CHRISTIAN AMBERSON, P.C., ANR and AMBERSON that the separateness of individual corporations and AMBERSON has ceased." That same section of the answer closes by stating "AMBERSON, JON CHRISTIAN AMBERSON, P.C. and ANR are all responsible for the actions of each other." We do not address whether the answer is even relevant at this stage, but the rehearing petition's description of the answer approaches being disingenuous.

IT IS ORDERED that the petition for rehearing is DENIED.