## MAINE DEPARTMENT OF TRANSPORTATION

v.

## MAINE STATE EMPLOYEES ASSOCIATION.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1990.

Decided Oct. 31, 1990.

Julie M. Armstrong (orally), Bureau of Employee Relations, Augusta, for plaintiff.

Eric R. Nelson (orally), Maine State Employees Ass'n, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

The Maine State Employees Association (MSEA) appeals from the decision of the Superior Court (Kennebec County, *Alexander, J.*) vacating an arbitration award and remanding to arbitration for rehearing before a new arbitrator. We dismiss the appeal because an appealable order or judgment has not been entered by the Superior Court.

On May 1, 1986, Captain David Howes was discharged by the State of Maine and the Department of Transportation (State) for dereliction of duty. The State alleged that Captain Howes, while serving as captain of the ferry "Governor Muskie," dangerously crossed the bow of the freighter "M/V Arturo Gomez" in a manner contrary to nautical rules.

MSEA filed a grievance on behalf of Captain Howes alleging that his dismissal was without just cause, and the parties submitted the dispute to arbitration. The arbitrator issued an award ordering that Captain Howes be reinstated and made whole for lost wages and benefits. The State moved to vacate the award pursuant to 14 M.R.S.A. § 5938(1) (1980) on the ground that the arbitrator exceeded his powers. In September 1988, the Superior Court granted the State's motion to vacate

and subsequently remanded to arbitration for rehearing before a new arbitrator.

A rehearing was held before a new arbitrator selected by the parties and the new arbitrator issued an award finding that the State did have just cause when it discharged Captain Howes. Although the Superior Court has taken no action on the second award,[1] MSEA brought this appeal challenging not the second award, which it concedes cannot be contested on its merits, but the Superior Court order vacating the first award. We agree with the State's contention that this appeal must be dismissed.

■ The right to appeal from the Superior Court to the Law Court in arbitration matters is governed by 14 M.R.S.A. § 5945 (1980). That section sets out the exclusive grounds for taking an appeal, *J.M. Huber Corp. v. Main–Erbauer, Inc.,* 493 A.2d 1048, 1050 (Me.1985); *Marshwood Assocs. v. Krumbhaar & Holt, Assoc. Architects,* 451 A.2d 305, 307 (Me.1982); *Cape Elizabeth School Bd. v. Cape Elizabeth Teachers Ass'n,* 435 A.2d 1381, 1383–84 (Me. 1981), and provides in pertinent part as follows:

1. **Grounds for appeal.** An appeal [to the Law Court] may be taken from:

A. An order denying an application to compel arbitration made under section 5928;

B. An order granting an application to stay arbitration made under section 5928, subsection 2;

C. An order confirming or denying confirmation of an award;

D. An order modifying or correcting an award;

E. An order vacating an award without directing a rehearing; or

F. A judgment or decree entered pursuant to the provisions of this chapter.

14 M.R.S.A. § 5945(1)(A)–(F). In all six instances an appeal is allowed only from an order, judgment or decree of the Superior Court. There is no provision permitting MSEA's direct appeal from the second arbitration award without intervening action by the Superior Court.

In order for this arbitration matter to be ripe for appellate review, the Superior Court must act on a motion to confirm or vacate the second award, *see* 14 M.R.S.A. §§ 5945(1)(C), (E),[2] or enter a judgment or decree pursuant to section 5945(1)(F). Because this appeal is not taken from an appealable order or judgment pursuant to 14 M.R.S.A. § 5945(1), it must be dismissed.

■ To avoid confusion as to what issues may be addressed by the Superior Court on remand, we address the State's additional contention that MSEA has lost its opportunity to challenge in any way the Superior Court order vacating the first arbitration award. The State contends that because MSEA did not file a motion to confirm the first award, the denial of which, the State argues, would have been immediately appealable pursuant to 14 M.R.S.A. § 5945(1)(C), MSEA is now barred completely from seeking judicial review of the first arbitration. We disagree.

Although section 5945(1)(C) does provide for an appeal from an order confirming or denying confirmation of an award, that section has to be read in conjunction with section 5945(1)(E) and with the sound policy, present throughout our system of jurisprudence as well as in the arbitration statute, of preserving judicial resources and limiting " 'appeals prior to judgment to

---

1. When the Superior Court remands an arbitration matter for further action, the court should *expressly* retain jurisdiction pending the outcome of the action. *See Crowley-King v. Kennebec Valley Radiology,* 580 A.2d 687, 688 (Me. 1990). Having retained jurisdiction, the court then has before it the entire matter subject to arbitration. The usefulness of retaining jurisdiction is demonstrated in this case where MSEA is challenging the action of the court taken on the first arbitration following completion of the second arbitration. When the Supe-

rior Court fails to retain jurisdiction, consolidation of the appeal of the second arbitration with the appeal of the first arbitration may be necessary to enable the court to focus on the entire matter subject to arbitration.

2. Pursuant to 14 M.R.S.A. § 5938(4) (1980), the Superior Court is directed to confirm an award if it denies a motion to vacate and no motion to modify or correct the award is pending.

those instances where the element of finality is present.'" *Cape Elizabeth School Bd.*, 435 A.2d at 1383 (quoting Uniform Arbitration Act Prefatory Note, 7 Uniform Laws Annotated 2 (Master Ed.1978)). By providing for appeals only from those orders vacating arbitration awards that do not direct a rehearing, section 5945(1)(E) implicitly bars appeals from orders that direct a rehearing.[3] This is consistent with the policy of barring an immediate appeal from the granting of a new trial in a civil case. *Bernat v. Handy Boat Service*, 239 A.2d 651, 652–53 (Me.1968). "If the action, whether arbitration or a new trial, is allowed to proceed to a final disposition, no appeal might be necessary. Judicial economy demands that courts not provide time-consuming and perhaps unnecessary interlocutory appeals which delay the favored dispute-resolution process of arbitration and which can be resolved without great prejudice after final judgment." *Cape Elizabeth School Bd.*, 435 A.2d at 1384.

To allow a party to appeal before the rehearing by simply filing a motion to confirm, a motion that would be denied by the court in conjunction with its order vacating the award and directing a rehearing, would be to circumvent the provisions of section 5945(1)(E) and the sound policy expressed in *Cape Elizabeth School Bd.* Moreover, the Superior Court should not even consider a motion to confirm once the court has granted a motion to vacate, because vacating an arbitration award renders determination of a motion to confirm the award moot. *State v. Davidson & Jones Const. Co.*, 72 N.C.App. 149, 323 S.E.2d 466, 469 (1984), *petition for review denied*, 313 N.C. 507, 329 S.E.2d 396 (1985).

A Superior Court order vacating a first arbitration award and remanding for a rehearing, like a motion for a new trial, is not immediately appealable, but may be reviewable after the second arbitration. *Cf. Town of Eliot v. Burton*, 392 A.2d 56, 58–59 n. 2 (Me.1978) (a new trial order is reviewable on an appeal from a judgment entered after the new trial).

The entry is:

Appeal dismissed.

All concurring.

---

**3.** Although in *Bureau of Maine State Police v. Pratt*, 568 A.2d 501 (Me.1989), we reviewed an order vacating an arbitration award and direct-ing a rehearing, the issue of the appealability of the order was not raised.