2003 SD 9

**DOUBLE DIAMOND CONSTRUCTION, Plaintiff and Appellant,**

v.

**FARMERS COOPERATIVE ELEVATOR ASSOCIATION OF BERESFORD, South Dakota, a cooperative corporation, Defendant and Appellee.**

and

**MOLLER CONSTRUCTION, INC., Defendant.**

**No. 22620.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 13, 2002.

Decided Jan. 22, 2003.

Chad Swenson of Swenson Law Firm, Sioux Falls, for plaintiff and appellant.

Roger Damgaard of Woods, Fuller, Shultz and Smith, Sioux Falls, for defendant and appellee.

PER CURIAM.

[¶ 1.] Double Diamond Construction (Double Diamond) attempts to appeal from an order of the circuit court vacating an arbitration award and ordering the arbitration proceeding to be reopened for the purpose of considering Farmers Elevator's damage claim against Double Diamond. For the reasons recited below, we dismiss Double Diamond's appeal for lack of appellate jurisdiction.

### FACTS AND PROCEDURE

[¶ 2.] Double Diamond filed a notice of appeal and docketing statement seeking to appeal an order of the circuit court vacating an arbitration award. The circuit court ordered that:

1) The application to vacate the arbitration award is granted for the reasons stated by the court at the hearing held before the court on July 29, 2002;

2) The arbitration award dated February 4, 2002, and the arbitrator's memorandum decision dated February 4, 2002, are vacated to the extent they fail to address on the merits the damage claim of Farmers Elevator against Double Diamond, which claim Farmers Elevator took by assignment from Jerke Construction, Inc.;

3) *The arbitration proceeding be reopened before Arbitrator E.W. Hertz for the limited purpose of considering the merits of Farmers Elevator's damage claim against Double Diamond.*

[¶ 3.] Double Diamond's docketing statement indicates that the order entered is appealable because:

The trial court's order is either a judgment, or an order that affects a substantial right, and the order in effect determines the action and prevents a judgment from which an appeal might be taken. SDCL 15–26A–3(1) and (2).

### ISSUE

[¶ 4.] **Whether the order vacating the arbitration award and remanding for hearing is appealable.**

[¶ 5.] SDCL ch. 21–25A (Uniform Arbitration Act) governs the enforceability of arbitration agreements and arbitration awards. Following an arbitration award, the parties may apply to the circuit court to have the award confirmed, vacated, modified or corrected. SDCL 21–25A–23. Additionally, SDCL 21–25A–35 provides:

> **Appeals from orders, judgments and decrees.** An appeal may be taken from:
> 1. An order denying an application to compel arbitration made under § 21–25A–5;
> 2. An order granting an application to stay arbitration made under § 21–25A–8;
> 3. An order confirming or denying confirmation of an award; An order modifying or correcting an award;
> 4. *An order vacating an award without directing a rehearing;* or
> 5. A judgment or decree entered pursuant to the provisions of this chapter.
>
> The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

SDCL 21–25A–35 (emphasis added). This Court has not previously addressed the appellate jurisdictional requirements contained in this statute.

[¶ 6.] "We are required to take notice of jurisdictional questions, whether presented by the parties or not. The appellate jurisdiction of this Court will not be presumed but must affirmatively appear from the record." *State v. Hare*, 260 N.W.2d 224, 226 (S.D.1977). The question of jurisdiction to hear an appeal may be raised *sua sponte. Id.*

[¶ 7.] It is settled law that appellate jurisdiction can depend on compliance with conditions precedent set by the legislature. *Schreifels v. Kottke Trucking*, 2001 SD 90, ¶ 9, 631 N.W.2d 186, 188. The Supreme Court has only such appellate jurisdiction as may be provided by the legislature and the SDConst. art. V, § 5. *State v. Hoxeng*, 315 N.W.2d 308 (SD 1982). To determine whether the statutory grant of appellate jurisdiction has been met, the rules of statutory interpretation apply. "Ultimately, the purpose of statutory interpretation is to fulfill the legislative dictate. Intent is ordinarily ascertained by examining the express language of the statute." *Faircloth v. Raven Industries*, 2000 SD 158, ¶ 6, 620 N.W.2d 198, 200. In addition, we assume no part of the statutory scheme was intended to be "mere surplusage." *Id.*

[¶ 8.] In the order that Double Diamond now seeks to appeal, the circuit court has both vacated the arbitration award and directed a rehearing to consider the merits of a damage claim asserted against Double Diamond. SDCL 21–25A–35 clearly specifies that an appeal may only be taken from an order "vacating an award *without directing a rehearing.*" From this language, the legislative intent is clear; when a rehearing is ordered the decision to vacate is not appealable. Other courts addressing this issue and interpreting nearly identical statutory language have also recognized such an attempted appeal must be dismissed for lack of jurisdiction. *See Nebraska Department of Health and Human Services v. Struss*, 261

Neb. 435, 623 N.W.2d 308 (2001); *Stolhandske v. Stern*, 14 S.W.3d 810 (Tex.App. 2000); *Kowler Associates v. Ross*, 544 N.W.2d 800 (Minn.App.1996); *Maine Dep't of Transp. v. Maine State Employees Ass'n*, 581 A.2d 813 (Maine 1990).

[¶ 9.] The Nebraska Supreme Court recently determined that "an order vacating an award without directing a rehearing" permits an appeal because the arbitration process has been completed. *Nebraska Dep't of Health and Human Services*, 623 N.W.2d at 315 (quoting Nebraska Statute § 25 2620). In so holding, the court recognized:

> The language "without directing a rehearing" in [the Nebraska statute] which qualifies an order which vacates an award is meaningful and not superfluous. Clearly, an order which vacates an award "without directing a rehearing" concludes the matter and is therefore, appealable, whereas an order which vacates an award and directs a rehearing requires that further arbitration proceedings be conducted to finally determine the rights of the parties and is not final or appealable.

*Id.* at 314. *See also Kowler Associates*, 544 N.W.2d at 802 (stating that "when a rehearing is directed, appellate review is premature because the arbitration process has not been completed."); *Stolhandske*, 14 S.W.3d at 814 (recognizing that "had the legislature intended to make all orders vacating arbitration awards immediately appealable, it could have easily done so. In fact, the Federal Arbitration Act so provides.").

[¶ 10.] This dismissal is in accord with the legislative dictate and the fact that "this Court has consistently favored the resolution of disputes by arbitration." *Thunderstik Lodge, Inc. v. Reuer*, 1998 SD 110, ¶ 14, 585 N.W.2d 819, 822. The Supreme Court of Maine aptly stated that this is consistent "with the sound policy, present throughout our system of jurisprudence as well as in the arbitration statute, of preserving judicial resources and limiting appeals prior to judgment to those instances where the element of finality is present." *Maine Dep't of Transp.*, 581 A.2d at 814. This is because if the action is allowed to proceed no appeal may be necessary. *Id.* at 815. "Judicial economy demands that courts not provide time-consuming and perhaps unnecessary interlocutory appeals which delay the favored dispute-resolution process of arbitration." *Id.*

[¶ 11.] In this case, SDCL 21–25A–35 does not allow an appeal from the circuit court's order vacating the award of an arbitrator and directing a rehearing. Accordingly, we dismiss this appeal for lack of jurisdiction.

[¶ 12.] Appeal dismissed.

[¶ 13.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.

[¶ 14.] SABERS, Justice, disqualified.