**\*\*  FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND THE PACIFIC REPORTER  \*\***

**Electronically Filed
Supreme Court
SCWC-23-0000757
03-SEP-2025
08:16 AM
Dkt. 19 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

NORDIC PCL CONSTRUCTION, INC.,
f/k/a NORDIC CONSTRUCTION LTD., a corporation,
Petitioner/Claimant/Counterclaim Respondent-Appellee,

vs.

LPIHGC, LLC,
Respondent/Respondent/Counterclaimant-Appellant.

_____

SCWC-23-0000757

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-23-0000757; S.P. No. 1SP101000346)

SEPTEMBER 3, 2025

McKENNA, ACTING C.J., EDDINS AND GINOZA, JJ., CIRCUIT JUDGE
HAMMAN, IN PLACE OF RECKTENWALD, C.J., RECUSED, AND
CIRCUIT JUDGE NICHOLS, IN PLACE OF DEVENS, J., RECUSED

OPINION OF THE COURT BY McKENNA, ACTING C.J.

## I.    Introduction

The dispositive issue in this appeal is whether a circuit court order that denied confirmation of and vacated an arbitration award, which also ordered a rehearing before a new arbitrator, is an appealable order under Hawai'i Revised Statutes

("HRS") § 658A-28(a) (2016).  We hold it is not.  The Intermediate Court of Appeals therefore erred by dismissing this appeal for lack of appellate jurisdiction based on untimeliness.

This matter arises from a construction dispute between Nordic PCL Construction, Inc. ("Nordic") and LPIHGC, LLC ("LPIHGC").  An arbitration award was entered in favor of LPIHGC.  The award was initially confirmed by the Circuit Court of the First Circuit ("circuit court") in a special proceeding.  On appeal, this court remanded the case to the circuit court for an evidentiary hearing to determine the arbitrator's evident partiality, as alleged by Nordic.

On remand, the circuit court found evident partiality to exist.  It entered an order denying confirmation of and vacating the award, and ordering a rehearing before a new arbitrator ("March 3, 2017 order").  Nordic then filed a motion for taxation of costs it had incurred on appeal, which the circuit court granted on October 20, 2017 ("October 20, 2017 costs order").  LPIHGC moved for an interlocutory appeal of the October 20, 2017 costs order, which the circuit court denied.

An arbitration rehearing took place, resulting in another award in favor of LPIHGC.  LPIGHC filed a new special proceeding to confirm that award.  On December 1, 2023, a final judgment confirming the second award was entered in the new special proceeding.

On December 29, 2023, LPIHGC filed the instant appeal from the October 20, 2017 costs order in the first special proceeding.

In a published opinion, the ICA ordered dismissal of this appeal, holding that the March 3, 2017 order in the first special proceeding had been an appealable final order under HRS § 658A-28(a)(3). The ICA ruled that, therefore, Nordic's motion for taxation of costs filed in the first special proceeding was tantamount to a post-judgment motion, which was also appealable when it was granted on October 20, 2017. Because LPIHGC filed this appeal years later, the ICA ruled it must be dismissed based on a lack of appellate jurisdiction due to untimeliness.

Nordic therefore prevailed on the costs issue. It filed this certiorari application based on concerns regarding the impact of the ICA's published decision on other matters. Nordic raises two questions on certiorari:

> 1. Did the ICA gravely err when it effectively overruled the "bright line" rule of its previously published SHOPO decision [State of Hawaii Organization of Police Officers (SHOPO) v. County of Kauai, 123 Hawaiʻi 128, 230 P.3d 428 (App. 2010) (per curiam)] by holding that the [March 3, 2017 order] was a final order that terminated the proceedings for purposes of appellate jurisdiction notwithstanding the fact that it retained the matter for further proceedings by vacating the underlying arbitration award and directing a rehearing before a new arbitrator?
>
> 2. Did the ICA gravely err by retrospectively applying this change in Hawai[ʻ]i law regarding when an order vacating an arbitration award becomes appealable to the substantial prejudice of both parties?

We answer question (1) "yes."  We therefore need not address question (2).

Question (1) requires us to interpret HRS § 658A-28(a) within the Hawaiʻi Uniform Arbitration Act, which is modelled on the Model Uniform Arbitration Act ("UAA").  HRS § 658A-28(a)[1] contains an ambiguity.  HRS § 658A-28(a)(3) allows an appeal from an order denying confirmation while subsection (a)(5) indicates an appeal is not allowed from an order vacating an award if a rehearing is ordered.  Thus, the March 3, 2017 order appears appealable under subsection (a)(3) because the circuit court denied confirmation.  But it also appears unappealable under subsection (a)(5) because the circuit court ordered a rehearing.

With respect to this conflict, for reasons explained below, the majority of UAA states hold that an order vacating for a rehearing is not appealable based on subsection (a)(5), despite the language of subsection (a)(3).  We hold that the ICA was correct when it adopted this majority rule in SHOPO, 123 Hawaiʻi 128, 230 P.3d 429.  But we hold the ICA erred by ruling in this

---

[1]    HRS § 658A-28(a) provides in relevant part:
        (a)   An appeal may be taken from:
            . . . .
            (3)   An order confirming or denying confirmation of
        an award;
            . . . .
            (5)   An order vacating an award without directing a
        rehearing[.]

4

case that subsection (a)(5)'s preclusion of an appeal does not apply when the rehearing ordered is a full rehearing, as compared to a partial rehearing, as was the case in SHOPO.

In so ruling, the ICA adopted a minority view, inconsistent with the majority rule it had correctly adopted in SHOPO. And subsection (a)(5) itself contains no such distinction between full and partial rehearings. Other reasons also support the majority rule. The ICA therefore erred by dismissing the December 29, 2023 appeal of the October 20, 2017 costs order for lack of appellate jurisdiction based on untimeliness.

Because the March 3, 2017 order was not appealable, however, the October 20, 2017 costs order was also not appealable. Hence, appellate jurisdiction is still lacking, not based on untimeliness, as the ICA ruled, but based on lack of an appealable order or judgment. Pursuant to our policy of permitting litigants, where possible, to appeal and to have their cases heard on the merits, we therefore remand this case to the ICA with instructions that it temporarily remand the case to the circuit court with instructions to enter a final judgment in the first special proceeding and to supplement the record on appeal with the final judgment. The ICA can then address the merits of this appeal.

To avoid this situation from reoccurring, we also provide guidance to the circuit courts and to the ICA.

## II.  Background

We previously addressed the underlying dispute in <u>Nordic PCL Const., Inc. v. LPIHGC, LLC</u>, 136 Hawai'i 29, 358 P.3d 1 (2015) ("<u>Nordic 2015</u>").  To summarize, in 2006, Nordic and LPIHGC entered into a subcontract under which Nordic agreed to provide concrete work for LPIHGC in the Honua Kai construction project on Maui.  136 Hawai'i at 32, 358 P.3d at 4. When a disagreement arose regarding quality of the work, their dispute was submitted to binding arbitration.  <u>Id.</u>

## A.  Initial arbitration award and court proceedings

### 1.  Initial award and circuit court proceedings

The initial arbitrator issued an award in favor of LPIHGC and, in 2010, LPIHGC moved to confirm the award in special proceeding 1SP101000346.  <u>Nordic 2015</u>, 136 Hawai'i at 35-36, 358 P.3d at 7-8.  Nordic opposed confirmation and filed a motion to vacate under HRS §658~~1~~A-23(a)(2)(A)(2016) based on the arbitrator's alleged evident partiality.[2]  136 Hawai'i at 36, 358

---

[2]     HRS § 658A-23(a)(2)(A) provides:

> Vacating award.  (a)  Upon motion to the court by a party
> to an arbitration proceeding, the court shall vacate an
> award made in the arbitration proceeding if:
>
> . . . .
> (2)  There was:
>      (A)  Evident partiality by an arbitrator appointed as a neutral
> arbitrator[.]

P.3d at 8.  Nordic claimed the arbitrator failed to disclose a substantial relationship with LPIHGC's lawyers, which created an impression of bias.  136 Hawai'i at 36-37, 358 P.3d at 8-9.

The circuit court held a hearing on LPIHGC's motion to confirm the award and Nordic's motion to vacate, but did not hold an evidentiary hearing.  Nordic 2015, 136 Hawai'i at 37-38, 358 P.3d at 9-10.  The circuit court denied Nordic's motion to vacate, granted LPIHGC's motion to confirm, and entered judgment.  136 Hawai'i at 38, 358 P.3d at 10.

### 2.    Appellate court proceedings

Nordic appealed, and the ICA vacated the award based on evident partiality.  Nordic PCL Const., Inc. v. LPIHGC, LLC, No. CAAP-11-0000350, 2014 WL 624870 (Haw. App. Feb. 14, 2014) (mem. op.).  On certiorari, we vacated the ICA's judgment on appeal and the circuit court's judgment because there was insufficient evidence to determine whether evident partiality existed.  Nordic 2015, 136 Hawai'i at 31, 358 P.3d at 3.  We remanded for the circuit court to conduct an evidentiary hearing and render findings of fact and conclusions of law regarding the arbitrator's alleged evident partiality.  Id.

### 3.    Proceedings on remand

After an evidentiary hearing, on March 3, 2017, the circuit court found evident partiality to exist, denied confirmation of the 2010 arbitration award, and ordered a rehearing before a new

arbitrator. On March 31, 2017, Nordic filed a motion for taxation of $251,747.31 in costs, mainly for supersedeas bond premiums paid to stay execution of the judgment pending appeal. Over LPIHGC's objection, on October 20, 2017, the circuit court granted the motion.

LPIHGC then moved for leave to file an interlocutory appeal under HRS § 641-l(b) (2016). The circuit court denied the motion based on the ICA's unpublished order in Noel Madamba Contracting, LLC v. Romero ("Madamba"), No. CAAP-17-0000646, 2018 WL 852453, at *2 (Haw. App. Feb. 14, 2018) (order dismissing appeal). Madamba actually ruled that "[a]bsent a final circuit court judgment, the proper way for a circuit court to authorize appellate review of an interlocutory order awarding attorneys' fees and costs would be to grant leave to assert an interlocutory appeal pursuant to HRS § 641-1(b) (2016)[.]" 2018 WL 852453, at *3. However, the circuit court appears to have interpreted Madamba as holding that an appeal of costs was not permitted when a final judgment had yet to be entered.

## B. Second arbitration award and court proceedings

### 1. Second award and circuit court proceedings

The second arbitration, before a new arbitrator, again resulted in an award in favor of LPIHGC. On June 23, 2023, LPIHGC filed a petition to confirm this award in a new special proceeding, 1CSP-23-0000427. Nordic opposed confirmation and

moved to vacate or modify the award.  On December 1, 2023, the circuit court denied Nordic's motions to vacate or modify, confirmed the award, and issued a final judgment, which Nordic separately appealed.  That appeal is not the subject of this certiorari proceeding.

Instead, after the circuit court entered its December 1, 2023 final judgment confirming the second award in 1CSP-23-0000427, on December 29, 2023, LPIHGC appealed the circuit court's October 20, 2017 costs order in 1SP101000346, which had awarded costs to Nordic for prevailing in the first appeal.  That appeal is the subject of this certiorari proceeding.

2.   ICA proceedings

a.   Issue on appeal

In its May 8, 2024 opening brief, LPIHGC asserted four points of error regarding the October 20, 2017 costs order; the merits of these points of error are not at issue here.[3]  Instead, this certiorari proceeding concerns whether the ICA had

---

[3]     LPI alleged error in the (1) award of supersedeas bond premiums on the grounds they can only be awarded by an appellate court; (2) award of supersedeas bond premiums as costs pursuant to HRS § 607-9 (2016); (3) award of Hawai'i Rules of Appellate Procedure ("HRAP") Rule 39 costs on the grounds Nordic waived its right to pursue such costs and failed to comply with procedural requirements; and (4) award of other specific costs to Nordic.  In response, Nordic argued that (1) the circuit court was authorized by HRS §§ 658A-25 (2016) and 607-9 to award all of Nordic's costs incurred in its motion to vacate the first arbitration award, including supersedeas bond premiums; (2) HRAP Rule 39 does not reserve exclusive authority to award supersedeas bond payments to appellate courts; (3) it did not waive its right to pursue costs under HRAP 39; and (4) the circuit court's decision to award specific costs was reasonable and appropriate.

appellate jurisdiction over LPIHGC's December 29, 2023 appeal from the October 20, 2017 costs order in 1SP101000346 based on the filing of the December 1, 2023 final judgment in 1CSP-23-0000427. LPIHGC asserted the ICA did have appellate jurisdiction based on HRS § 641-1(a).[4]

### b. The ICA's 2010 opinion in SHOPO

The ICA's SHOPO opinion, 123 Hawai'i 128, 230 P.3d 428, is frequently referenced, so we summarize the opinion here.

In SHOPO, a circuit court denied a motion to confirm an arbitration award, partially granted a motion to vacate the award, and ordered a partial, supplemental rehearing before the same arbitrator to determine an appropriate remedy. SHOPO, 123 Hawai'i at 128-29, 230 P.3d at 428-29. On appeal, the ICA focused on HRS § 658A-28(5) ("an appeal may be taken from . . . [a]n order vacating an award without directing a rehearing"). 123 Hawai'i at 129, 230 P.3d at 429. Because the subsection indicates appellate jurisdiction exists when an order vacates an arbitration award without directing a rehearing, the ICA reasoned that an order vacating an award while directing a rehearing does not create appellate jurisdiction because it lacks sufficient finality. Id.

---

4    HRS § 641-1(a) (2016) provides, "Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court. . . ."

The ICA addressed the majority and minority rules interpreting the seeming conflict between HRS § 658A-28(a)(3) and (a)(5). As explained earlier, HRS § 658A-28(a)(3) says an appeal may be taken from "[an] order confirming or <u>denying confirmation</u> of an award[,]" but HRS § 658A-28(a)(5) says an appeal may be taken from "[a]n order vacating an award <u>without directing a rehearing</u>[.]" The conflict arises when an order denies confirmation and vacates an award <u>while also directing a rehearing</u>.

The ICA adopted the majority rule that appellate jurisdiction does not exist when a rehearing is ordered. <u>SHOPO</u>, 123 Hawai'i at 129-32, 230 P.3d at 429-32. The ICA reasoned that the circuit court's order did not constitute an appealable final order because it did not conclude the arbitration process. 123 Hawai'i at 132, 230 P.3d at 432. The ICA indicated it "agree[d] with the conclusion reached by several courts that the statutory structure providing for appeals from arbitration-related orders, when read as a whole, is designed to permit appeals only from orders that bring an element of finality to the arbitration process." <u>Id.</u>

In <u>SHOPO</u>, the ICA relied heavily on the Nevada Supreme Court's opinion in <u>Karcher Firestopping v. Meadow Valley Contractors, Inc.</u>, 125 Nev. 111, 204 P.3d 1262 (2009). <u>Karcher</u> addressed NRS § 38.247(1)(e), which is identical to HRS § 658A-

11

28(a)(5).  SHOPO, 123 Hawai'i at 129-30, 230 P.3d at 429-30.  In Karcher, the trial court denied a motion to confirm an arbitration award, granted a motion to vacate the award, "and referred the matter back to arbitration for supplemental proceedings."  Karcher, 125 Nev. at 113, 204 P.3d at 1262.  The Nevada Supreme Court held that ordering supplemental arbitration "extended, rather than concluded, the arbitration process," so there was insufficient finality to constitute an appealable final judgment.  Karcher, 125 Nev. at 117, 204 P.3d at 1266.

### c.   Nordic's motion to consolidate appeals and ICA's order to show cause

As additional background, two separate related appeals had been sua sponte consolidated by the ICA on February 9, 2024.  In CAAP-19-0000046, LPIHGC appealed an order in 1CC181000689, a separate lawsuit filed by Nordic against LPIHGC, which denied LPIHGC's motion to dismiss Nordic's complaint to enforce a mechanic's lien discharge bond.  In CAAP-23-0000722, Nordic appealed the December 1, 2023 final judgment in 1CSP-23-0000427 confirming the second arbitration award.

On June 7, 2024, Nordic filed a motion to consolidate this appeal with those two previously consolidated appeals, arguing that the ICA would lack appellate jurisdiction over this appeal if the ICA were to vacate the order confirming the arbitration award in CAAP-23-0000722.  Instead of ruling on motion to

consolidate, on August 2, 2024, the ICA issued an OSC as to why the instant costs order appeal should not be dismissed for lack of appellate jurisdiction. Citing some factors it had discussed in SHOPO, 123 Hawai'i at 129, 230 P.3d at 429, the ICA ordered the parties to submit briefs addressing whether: (1) the March 3, 2017 order was an order ending the proceedings leaving nothing further to be accomplished; (2) whether the matter below was retained for further action; and (3) whether any legal authority supports the proposition that entry of an appealable final judgment in one circuit court special proceeding can trigger a right to appeal from an interlocutory order entered in a different circuit court special proceeding.

With respect to (1) and (2), the parties' briefing agreed that the March 3, 2017 order did not end the proceedings leaving nothing further to be accomplished because, like in SHOPO, the March 3, 2017 order called for a new arbitration hearing. With respect to (3), LPIHGC cited Hawaii Providers Network, Inc. v. AIG Hawai'i Ins. Co., Inc., No. 27345, 2006 WL 1402199 (Haw. May 23, 2006) (SDO), in which this court determined that an appellate decision in a related case constituted a final decision sufficient to trigger a provision of a stipulation that a subject case would be dismissed with prejudice. Nordic countered that appellate review is only permitted of orders or

13

judgments filed in the case appealed from and not from orders in related proceedings.

LPIHGC alternatively posited that if the ICA determined it lacked appellate jurisdiction, it should temporarily remand the case for entry of a final judgment in the first special proceeding, 1SP101000346.  LPIHGC cited to Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017) (per curiam), in which this court held that where the only thing lacking to perfect an aggrieved party's right to appeal was the entry of an appealable final judgment, the ICA should have exercised its authority under HRS § 602-57(3) (2016)[5] to temporarily remand the case to circuit court with instructions to enter an appealable final judgment.[6]

### d.  ICA's published order dismissing appeal

Without ruling on Nordic's motion to consolidate, in its September 30, 2024 published order dismissing appeal, the ICA concluded it lacked appellate jurisdiction and dismissed

---

[5]     HRS § 602-57(3) provides in relevant part: "[T]he intermediate appellate court shall have jurisdiction . . . [t]o make or issue any order or writ necessary or appropriate in the aid of its jurisdiction[.]"

[6]     LPIHGC did not cite to State by Office of Consumer Protection v. Joshua, 141 Hawai'i 91, 405 P.3d 527 (2017), in which we subsequently held that when a party to a circuit court civil case timely appeals a purportedly appealable final judgment later determined not to meet appealable final judgment requirements, rather than dismiss the appeal, the ICA must temporarily remand the case to the circuit court "in aid of its jurisdiction" pursuant to HRS § 602-57(3) for entry of an appealable final judgment with a direction to the circuit court to supplement the record on appeal with the final judgment.

LPIHGC's December 29, 2023 appeal of the October 20, 2017 costs order, determining it had been untimely filed.  Nordic PCL Construction, Inc. v. LPIHGC, LLC ("Nordic 2024") 156 Hawai'i 16, 568 P.3d 76 (App. 2024)  The ICA reasoned that HRS § 658A-28(a)(3) rendered the March 3, 2017 order an appealable final order, and that Nordic's motion for taxation of costs was like a post-judgment motion.  156 Hawai'i at 21, 568 P3d at 81.  According to the ICA, the October 20, 2017 costs order was therefore an appealable final order at the time it was issued.  Id.

The ICA distinguished SHOPO on the grounds that, here, the circuit court ordered a full rehearing before a new arbitrator rather than a supplemental rehearing before the same arbitrator.  156 Hawai'i at 19, 568 P.3d at 79.  The ICA opined that a full rehearing before a new arbitrator essentially wipes the slate clean, creating sufficient finality to constitute an appealable order.  156 Hawai'i at 18-20, 568 P.3d at 78-80.  Therefore, according to the ICA, while a final appealable order was lacking in SHOPO, it existed here in the March 3, 2017 order.  156 Hawai'i at 19, 568 P.3d at 79.  The ICA maintained that an alternative holding would waste time and resources because parties would be required to arbitrate all over again before appealing a circuit court's order vacating a first arbitration award.  Id.

15

The ICA cited extensively to the Texas Supreme Court's opinion in E. Texas Salt Water Disposal Co., Inc. v. Werline, 307 S.W.3d 267 (Tex. 2010). 156 Hawai'i at 19-20, 568 P.3d at 79-80. There, like in this case, a trial court denied confirmation of an arbitration award, vacated the award, and ordered a full rehearing before a new arbitrator. 307 S.W.3d at 269. The ICA relied on Werline to distinguish SHOPO:

> In denying Werline's request for confirmation of the award, the district court made it clear that it rejected the award and all bases on which it rested. . . .
>
> When an arbitration award is unclear or incomplete or contains an obvious error, a limited rehearing to correct the problem is but a preface to determining confirmation, not a decision on the issue. If, for example, the arbitrator's award required clarification or interpretation, a rehearing for that limited purpose would not necessarily be a denial of confirmation of the award, but merely a deferral of final ruling until the arbitration was complete. When rehearing is necessary for the issue of confirmation to be fully presented, vacatur pending rehearing is not appealable, **not because the order falls outside subsection (5), but because it falls outside subsection (3)**, and the rest of section 171.098(a).

Nordic 2024, 156 Hawai'i at 20, 568 P.3d at 80, quoting Werline, 307 S.W.3d at 270-71 (emphasis added; footnote omitted). The ICA concluded that Werline and SHOPO are consistent because, in SHOPO, the circuit court's order was not a final order denying confirmation under HRS § 658A-28(a)(3) and HRS § 658A-28(a)(5) did not apply. Nordic 2024, 156 Hawai'i at 20, 568 P.3d at 80.

Based on its determination that the circuit court's March 3, 2017 order constituted an appealable final order, the ICA concluded that the October 20, 2017 costs order was equivalent

16

to a post-judgment order. Nordic 2024, 156 Hawai'i at 21, 568 P.3d at 81. The ICA therefore ruled the October 20, 2017 costs order was appealable when it was issued. Id. Because HRAP Rule 4(a)(2020) requires that a notice of an appeal "be filed within 30 days after entry of the judgment or appealable order," and LPIHGC filed its notice of appeal on December 29, 2023, the ICA held it lacked appellate jurisdiction based on untimeliness. Id.

LPIHGC had alternatively argued that if the ICA determined appellate jurisdiction to be lacking, it should temporarily remand the case for entry of a Jenkins[7]-compliant appealable final judgment based on Waikiki, 140 Hawai'i at 204, 398 P.3d at 793. The ICA rejected this request on the grounds this appeal is from a special proceeding and Ditto v. McCurdy held that the

---

[7] Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (holding that "[a]n appeal may be taken from circuit court orders resolving claims against parties *only* after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to [Hawai'i Rules of Civil Procedure Rule] 58").

HRCP Rule 58 (2010) provides:

> Unless the court otherwise directs and subject to the provisions of Rule 54 of these rules and Rule 23 of the Rules of the Circuit Courts, the prevailing party shall prepare and submit a proposed judgment. The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs. ***Every judgment shall be set forth on a separate document.***

Jenkins separate judgment rule "is limited to circuit court orders disposing of claims raised in a circuit court complaint." Nordic 2024, 156 Hawai'i at 20-21, 568 P.3d 80-81 (citing Ditto v. McCurdy, 103 Hawai'i 153, 159, 880 P.3d 974, 980 (2003)).  The ICA ruled that, in any event, remanding this case to the circuit court to enter a final judgment would not revive appellate jurisdiction, as the time to appeal had begun to run on October 20, 2017.  156 Hawai'i at 21, 568 P.3d at 81.

### 3.  Certiorari proceedings

Although the ICA's published order dismissing appeal would result in an affirmance of the October 20, 2017 costs order in its favor, Nordic petitioned for certiorari based on concerns regarding the impact of the ICA's decision, raising the two questions on certiorari:

> 1.    Did the ICA gravely err when it effectively overruled the "bright line" rule of its previously published SHOPO decision by holding that the [March 3, 2017 order] was a final order that terminated the proceedings for purposes of appellate jurisdiction notwithstanding the fact that it retained the matter for further proceedings by vacating the underlying arbitration award and directing a rehearing before a new arbitrator?
>
> 2.    Did the ICA gravely err by retrospectively applying this change in Hawai[']i law regarding when an order vacating an arbitration award becomes appealable to the substantial prejudice of both parties?

For the reasons below, we answer the first questions "yes." We therefore need not address the second question.

18

### III. Standards of Review

**A.   Jurisdiction**

A court always has jurisdiction to determine whether it has jurisdiction over a particular case.  Joshua, 141 Hawaiʻi at 95, 405 P.3d at 531.  Appellate courts have an independent obligation to insure they have jurisdiction to hear and determine each case.  SHOPO, 123 Hawaiʻi at 129, 405 P.3d at 429.  The legislature may define and limit the right of appeal because the remedy of appeal is not a common law right and it exists only by authority of statutory or constitutional provisions.  Id.   The existence of jurisdiction is a question of law and is reviewed de novo under the right/wrong standard.  Lingle v. Hawaiʻi Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawaiʻi 178, 182, 111 P.3d 587, 591 (2005).

**B.   Statutory interpretation**

Statutory interpretation is a question of law reviewable de novo.  State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009).  To interpret statutes, "our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself."  Coon v. City & Cnty. of Honolulu, 98 Hawaiʻi 233, 245, 47 P.3d 348, 360 (2002).  "In determining the purpose of the statute, we are not limited to the words of the statute to discern the underlying policy which

the legislature seeks to promulgate." State v. Wells, 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) (cleaned up). Further, we may depart from the plain language of a statute if a literal interpretation would produce an absurd or unjust result that is inconsistent with the purposes and policies of the statute. Richardson v. City & Cnty. of Honolulu, 76 Hawai'i 46, 60, 868 P.2d 1193, 1207 (1994).

## IV. Discussion

**A. Rules of statutory interpretation support the ICA's holding in SHOPO that an order vacating an arbitration award is appealable only if it does not direct a rehearing**

We first examine the text of the statute. With respect to the language of the statute itself, HRS § 658A-28 provides:

> (a)  An appeal may be taken from:
>      (1)  An order denying a motion to compel arbitration;
>      (2)  An order granting a motion to stay arbitration;
>      (3)  An order confirming or denying confirmation of an award;
>      (4)  An order modifying or correcting an award;
>      (5)  An order vacating an award without directing a rehearing; or
>      (6)  A final judgment entered pursuant to this chapter.
> (b)  An appeal under this section shall be taken as from an order or a judgment in a civil action.

(Emphases added.) Thus, HRS § 658A-28(a)(3) allows an appeal from an order denying confirmation of an award while subsection (a)(5) indicates an appeal is not allowed from an order vacating an award if a rehearing is ordered.

20

With respect to this conflict, among the thirty-five states that have adopted the UAA or the Revised UAA, it appears that three follow the minority position and allow appeals from orders denying confirmation while vacating and requiring a rehearing. Thomas A. Telesca et al., Must Arbitrators Follow the Law?, 41 Franchise L.J. 347, 356 (2022) (noting 13 states adopted the UAA and 22 states and the District of Columbia adopted the Revised UAA); SHOPO, 123 Hawai'i at 131, 230 P.3d at 431 (listing the two jurisdictions following the minority approach on this issue as of 2010 as Texas and Missouri).

The majority of states resolve the conflict by holding that because the language in HRS § 658A-28(a)(5) provides that vacating an arbitration award without directing a rehearing is appealable, vacating an award while directing a rehearing is not appealable. SHOPO, 123 Hawai'i at 129-31, 230 P.3d at 429-31. Otherwise, the language "without directing a rehearing" would become superfluous. 123 Hawai'i at 130, 230 P.3d at 430. And courts are bound, if rational and practicable, to give effect to all parts of a statute, and no clause, sentence, or word is to be construed as superfluous. See Franks v. City & Cnty. of Honolulu, 74 Haw. 328, 339, 843 P.2d 668, 673 (1993).

In this case, the ICA concluded that SHOPO is distinguishable because the circuit court vacated all the arbitrator's rulings and ordered a full rehearing before a new

arbitrator, while in SHOPO, the court vacated the award only in part and ordered a partial rehearing before the same arbitrator. Nordic 2024, 156 Hawaiʻi at 19-20, 568 P.3d at 79-80.  In doing so, it relied on a minority jurisdiction ruling, Werline, from the Texas Supreme Court.  Id.

But subsection (a)(5) itself does not distinguish between full and partial rehearings.  Other majority jurisdictions with the same statutory language have also not made this distinction. For example, in SHOPO, the ICA cited favorably to majority jurisdiction opinions from Nebraska, Washington, D.C., and Maine.  SHOPO, 123 Hawaiʻi at 132, 230 P.3d at 432 (citing Nebraska Dep't of Health & Human Servs. v. Struss, 623 N.W.2d 308, 314 (Neb. 2001); Connerton, Ray & Simon v. Simon, 791 A.2d 86, 87 (App. D.C. 2002) (per curiam); and Dep't of Transp. v. State Emp. Ass'n, 581 A.2d 813, 814-15 (Me. 1990)).  In all of those cases, courts ordered rehearings before new arbitrators.

In Struss, like here, a trial court denied a motion to confirm, vacated the award, and remanded for a rehearing before a new arbitrator.  623 N.W.2d at 312.  Based on a Nebraska statute with language identical to HRS § 658A-28(a), the Supreme Court of Nebraska interpreted subsection (5) to mean that an order vacating an award while directing a rehearing is not appealable.  623 N.W.2d at 314.  The court reasoned that the inclusion of the phrase "without directing a rehearing" meant

22

that orders directing a rehearing are not appealable.  Id.  The
Nebraska Supreme Court did not distinguish between a
supplemental rehearing before the same arbitrator and a full
rehearing before a new arbitrator.

Similarly, in Connerton, the trial court vacated an
arbitration award, denied confirmation, and ordered a full
rehearing before a new arbitrator to "essentially begin
arbitration anew."  791 A.2d at 87.  The District of Columbia
Court of Appeals acknowledged that under D.C. Code § 16-
4317(a)(3),[8] the order appeared to be appealable because the
court denied confirmation.  Id.  The court reasoned, however,
that such a ruling would render subsection (5) superfluous.  Id.[9]

In Department of Transportation, the Supreme Judicial Court
of Maine addressed appealability when, after a full new
rehearing before a new arbitrator had resulted in a second
arbitration award, a party appealed the first arbitration award
that had been vacated.  581 A.2d at 813-14.  The court addressed

---

[8]     Like Hawai'i, the District of Columbia adopted the Revised UAA and the
text of D.C. Code § 16-4317(a) is identical to HRS § 658A-28(a).

[9]     Connerton also cited to Kepner v. United States,  195 U.S. 100, 125, 24
S.Ct. 797, 803 (1904) for the rule of statutory interpretation that specific
terms prevail over general terms.  The court reasoned that subsection (5) is
more specific while subsection (3) is general, because subsection (5)
"addresses the jurisdictional impact of ordering a new rehearing."
Connerton, 791 A.2d at 88.  The court determined that the specific provision
of subsection (5) should be prioritized over the general provision of
subsection (3) because it is a "clearer and more definite expression of the
legislative will."  791 A.2d at 88 (citations omitted).

language identical to HRS § 658A-28(a)(3) and (5) in ruling that

the appeal had to be dismissed for lack of appellate

jurisdiction. 581 A.2d at 814. The court stated:

> Although [language identical to HRS § 658A-28(a)(3)]
> does provide for an appeal from an order confirming or
> denying confirmation of an award, that section has to be
> read in conjunction with [language identical to HRS § 658A-
> 28(a)(5)] and with the sound policy, present throughout our
> system of jurisprudence as well as in the arbitration
> statute, of preserving judicial resources and limiting
> appeals prior to judgment to those instances where the
> element of finality is present. (quoting Uniform
> Arbitration Act Prefatory Note, 7 Uniform Laws Annotated 2
> (Master Ed.1978)). By providing for appeals only from those
> orders vacating arbitration awards that do not direct a
> rehearing, [language identical to HRS § 658A-29(a)(5)]
> implicitly bars appeals from orders that direct a
> rehearing.

581 A.2d at 814-15 (cleaned up).

Thus, majority jurisdiction states do not draw the

distinction made by the ICA in distinguishing SHOPO. It appears

three states have adopted the minority position based on

subsection (3), which expressly permits an appeal from an order

denying confirmation of an arbitration award. Morgan Keegan &

Co. v. Smythe, 401 S.W.3d 595 (Tenn. 2013); Werline, 307 S.W.3d

at 270 (Texas); Nat'l Ave. Bldg. Co. v. Stewart, 910 S.W.2d 334,

341 (Mo. Ct. App. 1995). According to the Tennessee Supreme

Court, "[t]o hold otherwise would be to elevate form over

substance and would enable trial courts to shield their orders

vacating arbitration awards from timely appellate review." 401

S.W.3d at 607. Werline posits that subsection (5) does not

expressly prohibit appeals when a trial court orders a

24

rehearing; it merely does not say whether appeals are permitted. Werline, 307 S.W.3d at 275 (Willett, J., concurring). Because subsection (3) says appeals are allowed from a denial of confirmation, the minority approach prioritizes subsection (3). Id.[10]

But in interpreting statutes, our obligation is to ascertain and give effect to the intention of our legislature. Hawai'i enacted the UAA as HRS Chapter 658A in 2001 to "standardize Hawai'i's arbitration laws with those used in other states. . . ." Conf. Comm. Rep. No. 115, in 2001 House Journal, at 1093, 2001 Senate Journal, at 905. Thus, legislative intent supports following the majority rule to prioritize subsection (a)(5). Interpreting a UAA provision consistently with the majority of states furthers the goal of standardizing Hawai'i's arbitration law with that of other states.

---

[10]    We also previously held that HRS § 658A-28(a) only "enumerates the appeals that 'may' be taken from a court order concerning an arbitration proceeding, [and] does not represent an exclusive list of appealable orders," which could be interpreted to support the minority approach. Cnty. of Hawai'i v. UNIDEV., LLC, 129 Hawai'i 378, 380, 301 P.3d 588, 590 (2013). UNIDEV, however, dealt with an appeal of an order compelling arbitration, which is not listed in HRS § 658A-28(a); we held that, despite this, an order compelling arbitration is sufficiently final under the collateral order doctrine to be appealable under the general civil matters appeal statute, HRS § 641-1 (which allows appeals "in civil matters from all final judgments," etc.). Id. An order awarding costs for an initial arbitration proceeding in which a new hearing has been ordered does not have the same finality.

**B.     Policies regarding finality and conservation of resources also favor construing HRS § 658A-28 as disallowing an appeal from an order vacating an arbitration award if a rehearing is directed**

In SHOPO, the ICA indicated it "agree[d] with the conclusion reached by several courts that the statutory structure providing for appeals from arbitration-related orders, when read as a whole, is designed to permit appeals only from orders that bring an element of finality to the arbitration process."  123 Hawai'i at 132, 230 P.3d at 432.

The Struss opinion from the Supreme Court of Nebraska, which the ICA cited in SHOPO, also favored finality.  The Nebraska court determined that the "obvious purpose" of the statute is to "identify orders relating to arbitration which are final and appealable."  Struss, 623 N.W.2d at 314 (emphasis added).  This reasoning also led the court to adopt the majority position and determine finality for appellate jurisdiction does not exist when the trial court vacates an arbitration award and orders a rehearing, including before a new arbitrator.  Id.

We depart from the language of a statute, here subsection (a)(3), if a literal construction would produce an absurd or unjust result inconsistent with the purposes and policies of the statute.  Richardson, 76 Hawai'i at 60, 868 P.2d at 1207.  The purpose of HRS § 658A-28(a) is to standardize state arbitration law and identify orders that have sufficient finality to

26

conclude the arbitration process and create appellate jurisdiction.  SHOPO, 123 Hawai'i at 130-31, 230 P.3d at 430-31. When an award is vacated and a rehearing is ordered, whether the rehearing is partial or full, finality is lacking.

This court has also expressed the need to preserve judicial resources by limiting appeals to instances where finality plainly exists.  Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. We are also cognizant of the need to not waste the parties' time and resources.  In this regard, the Missouri Court of Appeals held that if parties are required to undergo a second arbitration before appealing, the second arbitration could also be vacated with a new rehearing ordered, and that order would also not be appealable.  Stewart, 910 S.W.2d at 340.

But although waiting to appeal until after the second arbitration is completed would seemingly burden parties with time and resources, parties would also incur time and resources to appeal an order denying confirmation, vacating, and remanding for a new hearing before a new arbitrator.  As recognized by the United States Court of Appeals for the Fifth Circuit, "[t]hough waiting until after the arbitration to seek appellate review . . . may waste the parties' resources, parties may also waste resources appealing every referral when a quick arbitration might settle the matter."  In re Amberson, 57 F.4th 205, 207 (5th Cir. 2023) (per curiam) (cleaned up).

In our opinion, the majority rule therefore supports the policies favoring finality and conservation of resources.

**C.    Disallowing appeals from orders vacating arbitration awards and requiring a new hearing is analogous to disallowing appeals from orders granting new trials in civil proceedings**

In addressing whether orders denying confirmation, vacating awards, and ordering a new hearing should be appealable, courts have also considered whether the jurisdiction allows interlocutory appeals of orders granting a new trial in a civil suit.  See, e.g., Stewart, 910 S.W.2d at 340.  In Stewart, the Missouri Court of Appeals, which adopted the minority rule, distinguished the majority rule holding in Department of Transportation, 581 A.2d 813.  In Maine, a party cannot appeal an order granting a new trial in a civil case until judgment is entered after the new trial; in contrast, Missouri allows appeals "from any order granting a new trial" in civil litigation.  910 S.W.2d at 340.  This was another factor that led the Missouri court to adopt the minority rule.  Id.

In Hawai'i, like in Maine, appeals are not permitted from orders granting a new trial in a civil suit until after the final judgment in the second trial.  See Murasko v. Loo, 125 Hawai'i 39, 43, 252 P.3d 58, 62 (2011) (per curiam) ("[A]n order granting a new trial is not an appealable order. . . .").  This factor also supports the majority rule.

28

For all these reasons, we hold that under the majority rule correctly adopted by the ICA in SHOPO, an order denying confirmation of an arbitration award, vacating the award, and ordering a rehearing does not constitute an appealable order under HRS § 658A-28.

**D.    As appellate jurisdiction is still lacking, we vacate the ICA's dismissal of the appeal and remand this matter to the ICA with instructions that it temporarily remand the case to the circuit court for entry of an appealable final judgment in 1SP101000346**

Because we hold, contrary to the ICA, that the March 3, 2017 order in the first special proceeding, 1SP101000346, was not appealable, the October 20, 2017 costs order in that special proceeding, which is the subject of this appeal, was also not appealable when it was issued.

Although a final judgment was entered after the second award in 1CSP-23-0000427, no final judgment was entered in 1SP101000346.  The final judgment in 1CSP-23-0000427 did not allow appellate review of an order in 1SP101000346.  Thus, appellate jurisdiction is lacking.

In furtherance of our policy of permitting litigants, where possible, to appeal and to have their cases heard on the merits, Dailey v. Dep't of Land & Nat. Res., 155 Hawai'i 348, 350, 564 P.3d 1147, 1149 (2025), we consider how the merits of LPIHGC's appeal of the October 20, 2017 costs order can be addressed.

Under the circumstances, pursuant to HRS § 602-5(a)(6) (2016),[11] we vacate the ICA's dismissal order and remand this case to the ICA with instructions that it: temporarily remand the case to the circuit court in 1SP101000346 (the first special proceeding); with instructions to treat 1CSP-23-0000427 (the second special proceeding) as a continuation of 1SP101000346, enter a final judgment in the first special proceeding consistent with the judgment entered in the second special proceeding, and to supplement the record on appeal with the new final judgment.  The ICA can then address the merits of this appeal.[12]

**E.    Guidance**

In order to avoid this situation from reoccurring in the future, we provide guidance to the circuit courts (and circuit

---

[11]    HRS § 602-5(a)(6) provides:

> (a)   Except as otherwise provided, the supreme court shall have jurisdiction and powers as follows:
>
> . . . .
>
> (6)   To make and award such judgments, decrees, orders and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by law or for the promotion of justice in matters pending before it.

[12]    This is consistent with LPIHGC's request.  Nordic suggested that the ICA consolidate this appeal with the two related consolidated appeals, CAAP-19-0000046 and CAAP-23-0000722.  But the ICA issued a memorandum opinion regarding these two appeals on March 10, 2025; and the judgment on appeal on June 18, 2025.

court practitioners) and to the ICA pursuant to our inherent powers as well as our supervisory powers under HRS § 602-4 (2016).[13]  See State v. Milne, 149 Hawai'i 329, 335, 489 P.3d 433, 439 (2021).

With respect to the circuit courts, when an arbitration award is vacated with an order for a new hearing, practitioners should file motions to confirm the award issued after the rehearing in the original special proceeding.  Any costs order pertaining to the first vacated arbitration award should be included in a final judgment confirming a later arbitration award.  The final judgment would not render a previous order vacating for a rehearing appealable.  However, if the motion to confirm the later arbitration award is filed in a new special proceeding, as it was here, the circuit court should consolidate the two special proceedings and issue one final judgment regarding the two special proceedings.

With respect to the ICA, in this case, the ICA ordered dismissal for lack of appellate jurisdiction based on timeliness, not based on the lack of an appealable order or judgment.  As discussed earlier, LPIHGC had alternatively argued that if the ICA determined appellate jurisdiction to be lacking

_____

[13]    HRS § 602-4 provides, "**Superintendence of inferior courts.** The supreme court shall have the general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses therein where no other remedy is expressly provided by law."

based on the lack of an appealable order (instead of untimeliness), the case should be temporarily remanded for entry of a Jenkins-compliant appealable final judgment pursuant to Waikiki, 140 Hawai'i 197, 398 P.3d 786.  The ICA rejected LPIHGC's request not only on the grounds that remanding the case for entry of a final judgment would not revive appellate jurisdiction, but also on the grounds that this appeal is from a special proceeding and the Jenkins separate judgment rule is limited to circuit court orders disposing of claims raised in a circuit court complaint.  Nordic 2024, 156 Hawai'i at 21, 568 P.3d at 81.

Waikiki was based on HRS § 602-57(3), which provides: "[T]he intermediate appellate court shall have jurisdiction . . . [t]o make or issue any order or writ necessary or appropriate in the aid of its jurisdiction[.]"  The statute does not distinguish between proceedings initiated by civil complaints and special proceedings.  We therefore provide guidance to the ICA that in special proceedings, as in civil complaint proceedings, if the lack of appellate jurisdiction is based only on the lack of an appealable order or final judgment, and the record indicates the issues before the circuit court have been resolved leaving nothing further to be accomplished, rather than dismiss the appeal for lack of jurisdiction, the ICA should temporarily remand the case to the circuit court for entry of an

appealable order or final judgment with a direction to the circuit court to supplement the record on appeal with the final judgment.

In this regard, when a motion to confirm is filed in a new special proceeding (as it was here), so that the ICA can exercise its authority under HRS § 602-57(3) to act in aid of its jurisdiction, pursuant to our authority under HRS § 602-5(a)(6) (which permits this court to enter rulings that promote justice), we hold that the ICA may treat the second special proceeding as a continuation of the first special proceeding.

## V.    Conclusion

Based on the reasoning above, we vacate the ICA's dismissal order and remand this case to the ICA with instructions that it temporarily remand the case to the circuit court with instructions to enter a final judgment in 1SP101000346 and to supplement the record on appeal with the final judgment.  The ICA can then address the merits of this appeal.

David Schulmeister                  /s/ Sabrina S. McKenna
for petitioner
                                    /s/ Todd W. Eddins
Terence J. O'Toole
(Kukui Claydon,                     /s/ Lisa M. Ginoza
with him on the briefs)
for respondent                      /s/ Kirstin M. Hamman

                                    /s/ Steven R. Nichols

